## STATE, RESPONDENT, *v.* LEE, APPELLANT.

[Submitted June 29, 1893. Decided, July 31, 1893.]

CRIMINAL LAW—*Evidence—Testimony of absent witness.*—Under the constitution (art. III, § 16) and the Criminal Practice Act (§ 9) the accused, in a criminal prosecution, is entitled to meet the witnesses against him face to face, and it is therefore error in a criminal trial, where the prosecuting witness was not within the state, to admit in evidence the committing magistrate's general recollection of the testimony which such witness gave at the preliminary examination.

*Appeal from Fourth Judicial District, Missoula County.*

Conviction for larceny. The defendant was tried before WOODY, J. Reversed.

Statement of the case by the justice delivering the opinion:

The appellant, the defendant, appeals from a judgment rendered upon a conviction on the charge of grand larceny. Upon the trial the prosecuting witness was absent. His name was Charles Peterson. He was the person who owned the money which was the subject of the larceny, and from whose possession it was taken. The state offered testimony to show that said Peterson was not within the jurisdiction. John Nelson, a witness for the state, produced a letter, which he identified as the handwriting of Peterson, written from San Francisco, in which said Peterson stated he was going to Australia at once, and would sail before the letter would reach its destination. The state also produced a subpœna for said Peterson, with its return to the effect that said witness could not be found. The court then held that the absence of the witness was sufficiently shown to allow the admission of the evidence given by that witness against the defendant, upon a

preliminary examination upon this charge, held by the magistrate, J. M. Evans, Esq. The testimony of this witness Peterson was not taken in writing before the magistrate. He testified that he was the magistrate who held the preliminary examination of this defendant, charged with the offense of grand larceny, for which she was then being tried. He testified that this witness, Peterson, testified on that examination that the defendant was present in court at the time, and was represented by counsel. Said Evans said that he had a general recollection of the evidence given before him by the witness Peterson. The court then allowed Evans to recite from his memory what the witness Peterson had testified before him, Evans, on the preliminary examination. The testimony of Peterson, which Evans so recited, was as to the material facts of the larceny. To all these proceedings the defendant, by her counsel, duly objected, that the testimony given against defendant was hearsay testimony, and should not be narrated by the witness Evans, but that the defendant is entitled to be faced by the witness Peterson. The objections were overruled. The testimony was given, as above recited, and the defendant was convicted. The allowance of this testimony of Evans is presented by the appellant as error.

*Murray & Musgrave*, for Appellant.

*Ella L. Knowles*, and *Henri J. Haskell*, Attorney General, for the state, Respondent.

DE WITT, J.—Section 16, article III, of the constitution, is in part as follows: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to f . . . .

We find in the Criminal Practice Act the following provisions: "SEC. 9. In a criminal action the defendant is entitled: . . . . 3. To produce witnesses in his behalf, and to be confronted with witnesses against him, in the presence of the court."

In this case this constitutional and statutory right of defendant was wholly denied.

As appears in the statement of the case above, material evidence was produced against the defendant, not from the mouth of the witness of the facts (which witness was out of the jurisdiction), but from the mouth of a witness who purported to relate his general recollection of what the witness of the facts had testified on the preliminary hearing before the committing magistrate. The provisions of the constitution and the statute, above cited, seem to have been overlooked. (Const., art. III, § 16; Crim Prac. Act, § 9.)

The state makes no appearance, and files no brief in this case.

Among other authorities presented by appellant, we note as particularly in point as to their facts, the following: *Bergen* v. *People,* 17 Ill. 426; 65 Am. Dec. 672; *United States* v. *Angell,* 11 Fed. Rep. 34.

The judgment is reversed, and the case is remanded for a new trial.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.