STATE, RESPONDENT, *v.* BYERS, APPELLANT.

[Submitted September 19, 1895. Decided September 23, 1895.]

CRIMINAL LAW—*Larceny—Evidence—Statements of conspirators.*—On a prosecution for grand larceny where others are indicted jointly with the appellant, evidence of acts and statements of the codefendants, made after the theft but before the sale of the stolen property, is admissible against the appellant as part of the *res gestae.*

SAME—*Evidence—Stenographer's notes – Testimony of deceased witness.*—A transcript of the stenographer's notes of the testimony which a witness, since deceased, gave at a preliminary examination, supported by the testimony of the stenographer as to its correctness, is admissible against the defendant on the trial of the case, where the defendant had cross-examined the witness at the preliminary examination. (*State* v. *Lee*, 13 Mont. 248, distinguished.)

*Appeal from Third Judicial District, Deer Lodge County.*

CONVICTION for grand larceny.  The defendant was tried before BRANTLEY, J.   Affirmed.

*M. J. Cavanaugh* and *Francis Brooks*, for Appellant.

It was error to admit testimony as to acts and declarations of Fred Byers or Jones or either of them, not done or made in the presence of appellant for the reason that at the time of the introduction of the testimony no *prima facie* case of conspiracy had been made out by the state.   Such acts and declarations cannot be used to show the conspiracy without other independent evidence.   (*Parker* v. *People*, 11 West Rep. 182; *Ford* v. *State*, 11 West Rep. 855.)   It is necessary that defendant's guilt as principal or accessory, should be finally established by evidence of his own acts.   (Wright on Crim. Con., 69–71; Rice on Evidence, Vol. 3, page 904, and cases cited.)   Such acts and declarations were made after the consummation of the alleged larceny.   (*Willy* v. *State*, 8 S. W. Rep. 570; *Armstead* v. *State*, 2 S. W. Rep. 627; *People* v. *Parker*, 11 W. Rep. 182.)   They were not made or done during the pendency of the criminal enterprise, or in furtherance of the common design.   (*State* v. *Melrose*, 98 Mo. 594; *State* v. *Hilderbrand*, 16 S. W. Rep. 948; *People* v. *Moore*, 45 Cal. 19; *Commissioners* v. *Ingraham*, 7 Gray 46; *State* v. *Pyke*, 51 N. H.

105; *Davis* v. *State*, 9 Tex. App. 363; *Avery* v. *State*, 10 Tex. App. 199.) The court also erred in permitting the state to read to the jury the testimony of John Young, a witness who had been examined on behalf of the state at the preliminary examination, but who had died between the said examination and the trial. (*State* v. *Lee*, 13 Mont. 248; *People* v. *Murphy*, 45 Cal. 137; *People* v. *Cunningham*, 4 Pac. 1144.)

*J. H. Duffy*, also for Appellant.

*Henri J. Haskell*, Attorney General, for the State, Respondent.

It is within the discretion of the trial court to allow the acts and declarations of one conspirator to be given in evidence against another conspirator before proof of the conspiracy has been given; subject to such proof being afterwards given. (1 Greenleaf on Evidence, § 111; *State* v. *Grant* (Iowa) 53 N. W. 120; *Spies* v. *People*, 122 Ill. 238; *Haines* v. *Territory*, (Wyo.) 13 Pac. 8.) If the whole of the evidence taken together at the trial shows the existence of a conspiracy, it will be considered immaterial whether the conspiracy was established before or after the introduction of such acts and declarations. (*Loggins* v. *State*, 12 Tex. App. 65; *State* v. *Winner*, 17 Kan. 298; Hayne on New Trial and Appeal, § 109, page 304; *Spies* v. *People*, 122 Ill. 1, 238; Wharton on Crim. Ev., 699; *State* v. *Flanders* (Mo.) 23 S. W. 1086; Rapalje on Larceny and Kindred Offenses, § 507.) The prosecutor may either prove the conspiracy which renders the acts of the conspirators admissible in evidence or he may prove the acts of different persons and thus prove the conspiracy. (*Spies* v. *People*, 122 Ill. 1, 139; *State* v. *Peterson* (Kan.) 16 Pac. Rep. 263.) As the conspiracy extended not only to the stealing of cattle, but to their slaughter and subsequent disposition, it therefore was not at an end until the cattle were disposed of. (*Scott* v. *State*, 30 Ala. 503.) It is well settled that the testimony of a deceased witness given in the presence of the de-

fendant at the preliminary examination or at a former trial of defendant may be proved at a subsequent trial, and that the defendant's constitutional right to meet the witnesses against him face to face, is not thereby infringed. (*Brown* v. *Com.* 73 Pa. St. 321; Wharton on Criminal Law, § 227; Rice on Criminal Law, Page 35, 3–5; *Mattox* v. *United States*, 156 U. S. 237, and cases cited; *Com* v. *Richards*, 18 Pick. 434; *Com.* v. *Cleary* (Pa.) 23 Atl. 1110; Greenleaf on Evidence, § 163; Cooley on Constitutional Limitation, 387.) *State* v. *Lee*, 13 Mont. 243, cited by counsel for appellant in their brief is not in point as in that case the witness, evidence of whose testimony at the preliminary examination was admitted at the trial, was alive but without the jurisdiction of the court. According to the weight of authority it is only when the witness is dead that his testimony given at a former trial or at the preliminary examination can be proved at a subsequent trial. (Rice on Criminal Evidence, page 354; *United States* v. *Arnold*, 11 Fed., cited in *State* v. *Lee, supra.*)

PEMBERTON, C. J.—The above-named defendant was convicted of the crime of grand larceny, in Deer Lodge county, under an information charging him and Fred Byers and John F. Jones jointly with the commission of that crime. The said parties were tried separately. From the judgment against him the defendant appeals.

Counsel for the appellant contend that the trial court erred in permitting witnesses to give evidence on the trial of the appellant as to the acts and statements of his codefendants, Fred Byers and Jones, after the consummation of the larceny, as they claim, and not in the presence of the appellant. It does not appear that the acts and statements of Fred Byers and Jones, testified to by the witnesses, took place and were made after the consummation of the offense. The prosecution contended that the three defendants entered into a conspiracy to steal the cattle that were stolen, butcher them, and sell the beef. This contention is not without support in the record. It appears that the acts and statements of Fred Byers and

Jones, testified to by the witnesses, took place and were made before the beef was sold in Butte by the appellant, and therefore before the consummation of the criminal conspiracy. And, besides, we are unable to find in the acts and statements of Fred Byers and Jones, testified to, anything to incriminate or injure the appellant. Fred Byers and Jones persistently stated and insisted that the appellant had nothing to do with the larceny of the cattle; that Fred Byers bought them, and that the appellant had no interest in them whatever. The statements objected to do not contain an admission or confession of guilt of the appellant or any one else. The acts and statements objected to were part of the *res gestæ.* The appellant's participation in the crime is shown by other evidence and circumstances than the acts and statements of Fred Byers and Jones.

At the preliminary examination of the appellant one John Young was a witness sworn and examined on the part of the state. The appellant was present, and cross-examined the witness. His evidence was taken down in full by the court stenographer, and afterwards transcribed and typewritten by him. Before the trial of this cause, the witness Young died. On the trial of the case the court permitted a transcribed copy of the stenographer's notes of Young's evidence, supported by his testimony that it was correct, to be read in evidence, over the objection of appellant. The admission of this evidence is assigned as error.

In *Mattox* v. *United States,* 156 U. S. 237,—a case involving precisely the same conditions as the case at bar,—Mr. Justice Brown, after an able and extended discussion of the subject, and collating the authorities, English and American, old and new, *pro* and *con,* says: "Upon the other hand, the authority in favor of the admissibility of such testimony, where the defendant was present either at the examination of the deceased witness before a committing magistrate, or upon a former trial of the same case, is overwhelming. The question was carefully considered in its constitutional aspect by the supreme judicial court of Massachustts in *Commonwealth* v.

*Richards*, 18 Pick. 434, in which it was said 'that provision was made to exclude any evidence by deposition which could be given orally in the presence of the accused, but was not intended to affect the question as to what was or was not competent evidence to be given face to face according to the settled rules of the common law.' * * * The substance of the constitutional protection is preserved to the prisoner in the advantage he has once had of seeing the witness face to face, and of subjecting him to the ordeal of a cross-examination. This, the law says, he shall under no circumstances be deprived of, and many of the very cases which hold testimony such as this to be admissible also hold that not the substance of his testimony only, but the very words of the witness, shall be proven. We do not wish to be understood as expressing an opinion upon this point, but all the authorities hold that a copy of the stenographic report of his entire former testimony, supported by the oath of the stenographer that it is a correct transcript of his notes and of the testimony of the deceased witness, such as was produced in this case, is competent evidence of what he said.''

Counsel for appellant contend that this evidence was not admissible under the authority of *State* v. *Lee*, 13 Mont. 248. *State* v. *Lee* is widely distinguished from the case at bar. In the Lee case the witness whose testimony was proved was not dead; he was absent from the state. In that case the justice before whom the absent witness testified at the preliminary examination had no notes of the testimony, and testified only to an imperfect recollection of what the testimony of the absent witness was. Under such circumstances we held the evidence to be inadmissible. We are of opinion that the errors assigned in this case are not well taken, and that the judgment should be affirmed. It is so ordered.

*Affirmed.*

DE WITT and HUNT, JJ., concur.