THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* TONY BRUNO, Respondent.

Crimes — evidence — when finding that witness, whose deposition is received in evidence, cannot be found within state not reviewable by Court of Appeals — when properly certified stenographer's minutes of proceedings before a magistrate upon a preliminary examination constitute a properly authenticated deposition — when such deposition relates to one and not to two independent crimes and is properly received in evidence.

1. Where a trial court finds upon sufficient evidence that a witness whose deposition is received in evidence could not, with due diligence, be found within the state, that question may not be reviewed by the Court of Appeals.

2. Stenographic minutes of proceedings upon a preliminary examination, held under proper provision of law before a magistrate, taken by an official stenographer duly appointed by such magistrate, and properly certified by such stenographer and magistrate constitute a properly authenticated deposition under section 221b of the Code of Criminal Procedure.

3. A deposition taken on a preliminary examination before a magistrate, where the defendant was present and had an opportunity to cross-examine witnesses, giving the history of one continuous transaction and stating circumstances under which the crime of which the defendant was convicted was committed and for which he was indicted, examined and *held*, that it related to one — not to two independent crimes and that it was properly received in evidence.

*People* v. *Bruno*, 175 App. Div. 33, reversed.

(Argued March 19, 1917; decided March 27, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1916, which reversed a judgment of the Court of General Sessions of the county of New York, rendered upon a verdict convicting the defendant of an attempt to commit the crime of grand larceny in the first degree and granted a new trial.

*Edward Swann, District Attorney (Robert S. Johnstone* of counsel), for appellant.

*Louis Spiegel* and *Frank Hendrick* for respondent.

*Per Curiam.* The judgment and order of the Appellate Division should be reversed and the judgment of the Court of General Sessions affirmed.

Held, 1. The trial court having found upon sufficient evidence that it was satisfactorily shown that the witness whose deposition was received in evidence against the defendant could not with due diligence be found within the state that question may not be reviewed here.

2. The deposition was properly authenticated. An official stenographer had been appointed by the magistrate before whom the preliminary examination was taken under proper provision of law therefor and stenographic minutes of the proceedings and of the examination and depositions of witnesses and statements of the defendant, if any, had been taken by such stenographer. Such minutes were properly certified by the stenographer and by the magistrate who held such examination. (Code Crim. Procedure, § 221b.)

3. The deposition was properly received in evidence. It was taken on the preliminary examination before the magistrate. The defendant was present and had an opportunity to cross-examine witnesses. The deposition gave the history of one continuous transaction, beginning in a saloon between 9:30 and 10:00 P. M. on January 4th and ending about 12:30 A. M. on the morning of January 5th. It stated the circumstances under which the crime

of which the defendant was convicted was committed and for which he was indicted.    It related to one — not to two independent crimes.

4. There are no exceptions in the case requiring a reversal of the judgment of conviction by the Appellate Division.

The judgment of the Appellate Division should be reversed and the judgment of the General Sessions affirmed.

CHASE, COLLIN, HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.