# COURT OF GENERAL SESSIONS — NEW YORK COUNTY.

## September, 1922.

## THE PEOPLE v. DOMINICK ALBERO AND BARNEY CIPOLARO.

### (119 Misc. 339.)

ASSAULT—HEARSAY EVIDENCE SHOULD NOT BE RECEIVED BY GRAND JURY—DEPOSITION · OF COMPLAINANT BEFORE COMMITTING MAGISTRATE WHERE DEFENDANTS HAD OPPORTUNITY TO CROSS-EXAMINE HIM IS PROPERLY CONSIDERED BY THE GRAND JURY.

Upon an investigation before the grand jury on a charge of assault upon one B., several witnesses, none of whom was able to identify the defendants as the assailants, testified as to conversations had with B. and others in the vicinity of the assault. *Held,* that the testimony was illegal and hearsay and should not have been received by the grand jury.

Where, however, at the taking before the committing magistrate of the deposition of B. in which he swore positively that the defendants assaulted him, they had full opportunity of cross-examination, the deposition under section 255 of the Code of Criminal Procedure was properly received in evidence before the grand jury, even though the defendants waived their right to the preliminary examination and the same had been held over their protest.

MOTION to dismiss indictments.

*Joab H. Banton, District Attorney (Felix C. Benvenga, of counsel),* for People.

*Caesar B. T. Barra,* for defendants.

MANCUSO, J.:

This is a motion to dismiss the indictments on the grounds that there was no legal evidence before the grand jury to warrant the finding of the indictments, and also because illegal

and hearsay evidence was received by the grand jury in violation of section 256 of the Code of Criminal Procedure.

The indictments charge the defendants with the crimes of assault in the first and second degrees (Penal Law, §§ 240, 242) in that they committed an assault upon one Tony Bruno on the 8th day of February, 1922. Nine witnesses testified before the grand jury but none of them was able to identify the defendants as the assailants, and their testimony related chiefly to conversations had with Bruno and others in the vicinity of the assault. This evidence was clearly illegal and hearsay and should not have been received by the grand jury. However, there was received in evidence a certified copy of the deposition of the said Tony Bruno taken before the magistrate. In this deposition Tony Bruno swears positively that the defendants assaulted him.

It is the admission of this deposition that defendants contend was legal error and in violation of their constitutional rights. If, therefore, the grand jury erred in receiving the deposition in evidence, the indictments were not warranted, because without it there was absolutely no proof that the defendants committed the assault in question.

The record shows that the defendant Cipolaro was arrested on the morning of February 8, 1922, and the defendant Albero on March 4, 1922, and a preliminary examination was set for March 15, 1922, in the twelfth district Magistrates' Court, borough of Manhattan, City of New York. On that day the defendants appeared in person and by counsel and signified their desire to waive a preliminary examination. Notwithstanding this waiver, the magistrate thereupon caused the People's witness, Bruno, to be sworn and his testimony taken, over the protest and objection of counsel for the defendants. The defendants were held for the grand jury, and the indictments followed.

The deposition of Bruno was received by the grand jury upon

satisfactory proof that the witness Bruno could not, with due diligence, be found in the State. It further appears from the testimony of Officer Sullivan that the defendants arranged to abscond the witness Bruno in order to get rid of his testimony in this case. On page 7 of the grand jury minutes Officer Sullivan testified that he had a conversation with the defendant Albero wherein the said defendant stated to him: "That case will never come to trial. I gave Tony Bruno, the man who was shot, $5,000 and sent him to Italy."

The defendants now urge that there is no authority in law for the taking of the deposition of Bruno and that the magistrate's act was a nullity, and that the deposition was improperly and illegally received by the grand jury.

Section 190 of the Code of Criminal Procedure provides: "The magistrate, immediately after the appearance of counsel, or if none appear and the defendant require the aid of counsel, must, after waiting a reasonable time therefor, proceed to examine the case, unless the defendant waives examination and elects to give bail, in which case the magistrate must admit the defendant to bail if the crime is bailable, as provided in section two hundred and ten: *and in that case witnesses in attendance or shown to be material for the people may be required to appear and testify, or to be examined conditionally* as prescribed in sections two hundred and fifteen, two hundred and sixteen, two hundred and seventeen, two hundred and eighteen, two hundred and nineteen and two hundred and twenty." Amd. by Laws of 1882, chap. 360.

The language of this statute at first glance seems somewhat ambiguous, but, upon a careful reading of it, it clearly shows that the magistrate may do either one of two things, namely, (1) proceed with the examination, unless the defendant waives, or (2) where the defendant waives he must be admitted to bail, if the crime is bailable, and in that case the magistrate may either require witnesses in attendance, or shown to be material

for the People, to appear and testify, or to examine such witnesses conditionally, as prescribed in sections 215-220. The witness Bruno was not examined conditionally but was in attendance and his deposition was taken in full, and, therefore, it is not necessary to enter into a discussion of those sections. Bruno was a material witness and was in attendance in the Magistrates' Court, and for that reason the magistrate was authorized to take his testimony, although the defendants elected to waive examination.

The object of a preliminary examination is, (a) to inquire whether a crime has been committed and the accused's connection with it; (b) to perpetuate the testimony of the witness, and (c) to determine the amount of bail in a bailable case in order to insure the presence of the defendant. The right to a preliminary examination is not limited to the defendant. The People have a similar right to a preliminary examination if it appears necessary. It is true that upon arraignment a defendant may elect either to his right to an examination or waive examination, but this does not preclude the prosecution from examining material witnesses who are present and who may be cross-examined by the defendant. (State ex rel. Guion v. Brunot, 28 So. Rep. 996.) In the case of Van Buron v. United States (36 Fed. Rep. 77, 82), the court said, among other things: " Ordinarily, I doubt not, an offer of the accused to waive an examination should be accepted; but if the commissioner be convinced that the public interest will be better subserved by an investigation, and especially if the district attorney request it, he may and should proceed to a full hearing."

The statute clearly authorizes the examining court to proceed with the examination even if the accused waives his right to a hearing. As a matter of fact, all the defendant does by waiving examination is to say that so far as he is concerned the People need offer no evidence (Porch v. State, 51 Tex. Crim.

Rep. 7); nor did such examination deprive the defendants of any substantial right, and the People are not barred from holding a preliminary examination even though defendant waives his right thereto, and the deposition was properly taken before the magistrate. (Quinton v. State, 10 Okla. Cr. 520; Ponoksy v. State, 8 id. 116.)

Since the deposition was properly taken by the magistrate the grand jury acted properly by receiving it in evidence. The Code of Criminal Procedure (§ 255) provides:

" In the investigation of a charge, for the purpose of indictment, the grand jury can receive no other evidence than,

" 1. Such as is given by witnesses produced and sworn before them, or furnished by legal documentary evidence; or

" 2. The deposition of a witness, in the cases mentioned in the third subdivision of section eight."

Section 8, subdivision 3, of the Code of Criminal Procedure provides that a defendant is entitled " To produce witnesses in his behalf and to be confronted with the witnesses against him in the presence of the court, except that (a) where the charge has been preliminarily examined before a magistrate, and the testimony reduced by him to the form of a deposition in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness; or (b) where the testimony of a witness on the part of the People, has been taken according to the provisions of section two hundred and nineteen of this code, the deposition of the witness may be read upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found in the state;   *   *   *."

The defendants in this case were present and represented by counsel and had a full and complete opportunity to cross-examine the witness Bruno if they chose to, the evidence fully advised them of the character of the offense with which they were charged, and for that reason the deposition was properly

received in evidence even though the defendants waived their rights to a preliminary examination, and the examination was held over their protest. (People v. Bruno, 220 N. Y. 702; People v. Qualey, 210 id. 202; People v. Vitusky, 155 App. Div. 139.)

Counsel for the defendants has submitted the record of the case of People v. Hannan, wherein one of my associates decided that the examination held by the magistrate after a waiver made by the defendant was a nullity and for that reason the motion to acquit was granted. I regret exceedingly that I cannot agree with the views of the learned court in that case.

Motion, for the reasons above stated, is, therefore, denied.

Ordered accordingly.