STATE

. *vs.*

SMITH BUDGE.

Penobscot.      Opinion July 30, 1928.

*George F. Eaton*, County Attorney for the State.
*Benjamin W. Blanchard*, for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, BASSETT, JJ.

WILSON, C. J. The respondent was indicted for manslaughter at the May term, 1925, in the Superior Court for the county of Penobscot and tried at that term, and a verdict of guilty rendered which was set aside. Upon a second trial, the state introduced under Sec. 171, Chap. 87 R. S., a duly certified copy of the stenographic notes of the official reporter of the trial court taken at the former trial of the testimony given by a witness, the state having first presented evidence upon which the trial judge found that since the former trial the witness had left the state and was then beyond the jurisdiction of the Court and the power of the state to compel his attendance.

To the admission of this testimony counsel for the respondent objected. While his objections were couched in the most general terms and a technical question might be raised as to whether they meet the rules of this Court as laid down in *McKown* v. *Powers*, 86 Me., 291, and the other cases there cited, it is perhaps clear from the colloquies between court and counsel and from the objections stated, that the counsel objected first on the ground that proof of mere absence from the state was not sufficient to warrant the introduction of such testimony, and secondly that the evidence did not warrant a conclusion that the witness had actually left the state or at least that his attendance could not have been compelled under a comity statute similar to Sec. 12, Chap. 134 R. S.

The issue raised by the first objection involves the best evidence and hearsay rule and also Sec. 6, Art. 1 of the Constitution of this state, which provides that in all criminal prosecutions the accused shall have the right to be confronted by the witness against him.

This provision in our constitution is a common and perhaps a universal one in the constitution of every state. A similar one is also contained in the Federal constitution.

It is held, however, and so far as we are advised without exception, not only in the state but in the Federal courts, and in both civil and criminal trials, that the admission of testimony, given under oath at a former hearing between the same parties, and where the same issue is involved, of a witness who has since died or who is absent from the jurisdiction by procurement of the accused or adverse party, when opportunity for full cross-examina-

tion was had at the prior hearing, does not violate the constitutional provision conferring upon an accused in criminal cases the right to be confronted by the witnesses against him; is an exception to the hearsay rule; and is admitted as the best evidence obtainable under the circumstances. *Mattox* v. *United States*, 156 U. S., 237; *Motes* v. *U. S.*, 178 U. S., 458; *West* v. *Louisiana*, 194 U. S., 262; *Reynold* v. *U. S.*, 98 U. S., 145; *Langham* v. *State*, 192 Ala., 687; *Dolan* v. *State*, 40 Ark., 455; *State* v. *Gaetano*, 96 Conn., 306; *Putnal* v. *State*, 56 Fla., 86; *Blackwell* v. *State*, 79 Fla., 709; *Barnett* v. *People*, 54 Ill., 325; *State* v. *Kimes*, 152 Ia., 240; *State* v. *Nelson*, 68 Kan., 566; *State* v. *Simmons*, 78 Kan., 852; *State* v. *Bollero*, 112 La., 850; *Com.* v. *Richards*, 18 Pick., 434; *People* v. *Case*, 105 Mich., 92; *People* v. *Gilhooley*, 95 N. Y. Sup., 636; *People* v. *Elliott*, 172 N. Y., 146; *State* v. *Walton*, 53 Ore., 557; *Brown* v. *Com.*, 73 Pa., 321; *Robertson* v. *State*, 63 Tex. Crim. Rep., 216; *State* v. *King*, 24 Utah, 482; *Jackson* v. *State*, 81 Wis., 127; Wigmore on Ev., Secs. 1397-9; Greenleaf Ev., Vol. 1, Sec. 1639.

The reason for the rule is stated by the Federal Supreme Court in *Mattox* v. *U. S.*, supra; "The primary object of the constitutional provision in question was to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against a prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity not only of testing the recollection of the witness but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor on the stand and the manner in which he gives his testimony whether he is worthy of belief. There is doubtless reason for saying that the accused should never lose the benefit of these safeguards even by the death of a witness***. But general rules of this kind, however beneficent in their operation and valuable to the accused, must occasionally give way to considerations of public policy and the necessities of the case. To say that a criminal after once having been convicted by the testimony of a certain witness should go scot free simply because death has closed the mouth of that witness would be carrying his constitutional protection to an unwarrantable extent. The law in its wisdom declares that the rights of the pub-

lic shall not be wholly sacrificed in order that an incidental benefit may be preserved to the accused."

It is true that the courts at first were somewhat hesitant in extending the admission of such testimony beyond cases where the witness had died since the prior hearing or trail, or in cases where his absence was through the procurement of the accused in criminal cases or the adverse party in civil cases; and the view has been expressed in dissenting opinions that the admission of such testimony was in contravention of the constitutional provision requiring confrontation. At times the Texas court of Criminal Appeals has excluded such testimony altogether. *Cline* v. *State*, 36 Tex. Crim. Apps., 320; *Kemper* v. *State*, 63 Tex. Crim. App., 1.

In certain jurisdictions the admission of such testimony is still limited, at least in criminal cases, to instances where the witness is dead or out of the jurisdiction of the court through procurement of the accused. *Collins* v. *Com.*, 12 Bush. (Ky.), 271; *Owens* v. *State*, 63 Miss., 450; *State* v. *Lee*, 13 Mont., 248; *State* v. *Houser*, 26 Mo., 431; *Finn* v. *Com.*, 5 Rand. (Va.), 701; *State* v. *Wing*, 66 Ohio St., 407.

In Massachusetts and New Hampshire and in one instance in Connecticut the court in *dicta* intimates the admission of such testimony might be limited to cases where the witness was dead. *Com.* v. *McKenna*, 158 Mass., 207; *State* v. *Brauneis*, 84 Conn., 222; *State* v. *Staples*, 47 N. H., 113. No case in Massachusetts or New Hampshire has been called to our attention where the precise question here involved has been considered. In Connecticut, *State* v. *Gaetano*, 96 Conn., 306, the court, when the question was squarely raised, adopted the rule contended for by the state in the case at bar.

The trend of modern decisions, however, and the great weight of authority have extended the rule to cover cases in which the witness was permanently or for any indefinite period out of the jurisdiction of the court, and in some instances to inability to attend by reason of illness, insanity, or even a temporary absence from the state. *Vaughan* v. *State*, 58 Ark., 353, 370; *Pope* v. *State*, 183 Ala., 61; *Lowe* v. *State*, 86 Ala., 52; *Rogers* v. *State*, 136 Ark., 161, 172; *Putnal* v. *State*, 56 Fla., 86, 94; *Smith* v. *State*, 147 Ga., 689; *State* v. *Simmons*, 78 Kan., 852; *State* v.

*Hefferman*, 24 S. D., 1; *Wilson* v. *State*, 175 Ind., 458, 465, 466; *State* v. *Brown*, 152 Ia., 427, 432, 436; *State* v. *Gentry*, 86 Kan., 534; *People* v. *Bruno*, 220 N. Y., 702; *People* v. *Schepps*, 217 Mich., 406; *State* v. *Meyers*, 59 Ore., 537, 542; *State* v. *Walton*, 53 Ore., 557; *Robertson* v. *State*, 63 Tex. Crim. Rep., 216; *Modello* v. *State*, 85 Tex. Crim. Rep., 291; *State* v. *Hillstrom*, 46 Utah, 341, 366; *Meldrum* v. *State*, 23 Wyo., 12; *People* v. *Devine*, 46 Cal., 46; *State* v. *Nelson*, 68 Kan., 566; *Com.* v. *Ryhal*, 274 Pa. St., 401; *Spencer* v. *State*, 132 Wis., 509. Also see the discussion of the rule and authorities cited in Wigmore Ev., Secs. 1395-1418; Chamberlaynes Modern Ev., Sec. 1625; Greenleaf Ev., Vol. 1, Sec. 163g; 10 R. C. L., p. 468; 16 C. J., 757; Wharton Ev., Sec. 177; 1 Bish. Crim. Pro., Secs. 1194, 1195. A full discussion of the rule with a collection of authorities may also be found in an annotation in 15 A. L. R., 495, with additional citations in 21 A. L. R., 662.

That the tendency has been to extend the rule is indicated by the overruling of earlier cases which confined it to a deceased witness. See *Pittman* v. *State*, 92 Ga., 480, overruled by *Smith* v. *State*, 147 Ga., 689; *State* v. *Heffernan*, 22 S. D., 513; overruled in *State* v. *Heffernan*, 24 S. D., 1; *People* v. *Newman*, 5 Hill N. Y., 295; but see *People* v. *Fish*, 125 N. Y., 136, 149; *People* v. *Gilhooley*, 95 N. Y., Suppl. 636 affirmed 187 N. Y., 551; *People* v. *Bruno*, 220 N. Y., 702. In *Cline* v. *State*, 36 Tex. Crim. App., 320, the court of that state excluded such evidence even of a deceased witness, but in *Porch* v. *State*, 51 Tex., Crim. Rep. 7, it reversed itself. In *Kemper* v. *State*, 63 Tex., Crim. Rep. 1, it again reversed itself and excluded such testimony, but in *Robertson* v. *State*, 63 Tex. Crim. Rep., 216, it returned to the earlier rule which has been reaffirmed in the later decisions. *Modello* v. *State*, supra.

This state has not had the question of the testimony of an absent witness before it for a ruling. In *Watson* v. *Proprs. of Lisbon Bridge*, 14 Me., 201, *Emery* v. *Fowler*, 39 Me., 326, and *Lime Rock Bank* v. *Hewett*, 52 Me., 531, and *Chase* v. *Springvale Mills Co.*, 75 Me., 156, all civil cases, the testimony of a deceased witness was admitted under the general rule of the common law. While in the case last cited the court suggested that objections

to evidence of this nature applied with peculiar force in criminal trials, it referred to a criminal case not reported in our reports, *State* v. *Canney*, but found in 9 Law. Rep., 408, in which the testimony of a deceased witness was admitted. In *State* v. *Herlihy*, 102 Me., 310, this court, however, applied the rule to a criminal case when the witness was dead, citing in support of its ruling the discussion in Wigmore Ev., Vol. 2, Sec. 1395 *et seq* of the principles involved, which authority also extends the rule on principle to witnesses permanently or indefinitely absent from the jurisdiction and cites the authorities sustaining the author's conclusions. Also see *Edgeley* v. *Appleyard*, 110 Me., 337.

The same reasons which warrant the admission of the testimony of a deceased witness under such circumstances applies with equal force to a witness who is absent from the jurisdiction of the court either permanently or for an indefinite period. The interest of justice demands that, under such circumstances, testimony at a prior hearing between the same parties, when the same issues are involved and full opportunity for cross-examination was afforded the accused or adverse party, be admitted as the best evidence obtainable. To deny it might under some circumstances work great injustice to the accused if an important witness in his behalf on a second trial had left the jurisdiction and he was unable to secure his attendance.

And in accord with what is clearly the weight of authority and the trend of modern decisions this court also extends the rule to absent witnesses, when through no fault of the party offering the testimony, or through the procurement of the adverse party, the witness can not be compelled to attend because of his absence from the jurisdiction of the court permanently or for an indefinite period.

As to witnesses unable to attend by reason of illness or temporary absence from the jurisdiction we do not pass on or express any opinion at this time, it not being necessary to the determination of the case at bar.

Before such testimony can be admitted, however, certain conditions must be shown to exist by the party offering the testimony. The trial court should be clearly satisfied that the issues and parties are the same, that the witness was duly sworn and oppor-

tunity was afforded for full cross-examination and that the witness is now deceased or is beyond the jurisdiction of the court with intent to remain permanently or for an indefinite period and it is beyond the power of the party offering his testimony to compel his attendance by reason of such absence.

Whether the essential facts to its admission are shown must be first passed on by the trial court, the finding of which is conclusive on this court unless there has been a clear abuse of judicial discretion. *Vaughan* v. *State*, 58 Ark., 353, 371; *Railway* v. *Henderson*, 57 Ark., 402; *Wilson* v. *State*, 175 Ind., 458, 466; *People* v. *Bruno*, 220 N. Y., 702; *State* v. *Emory*, 116 Kan., 381, 386; *Levi* v. *State*, 182 Ind., 188, 192; *State* v. *Nelson*, 68 Kan., 566; *People* v. *Lewandowski*, 143 Cal., 574; *Huff* v. *Curtis*, 65 Me., 290; *Kidder* v. *Blaisdell*, 45 Me., 469; *Camden* v. *Belgrade*, 78 Me., 209.

In the case at bar there was sufficient evidence to warrant a finding by the trial judge that the witness in question had left this state and for at least an indefinite period, if not permanently; and the state was unable to compel his attendance.

Counsel for the accused now raises the question that the official stenographer's notes were not properly identified and also suggests that it did not appear prior to their admission that the witness was duly sworn at the former trial and a full opportunity for cross-examination was afforded the accused. But it nowhere appears that these contentions were ruled on by the court below, nor does it appear that any ruling on these issues is questioned by the bill of exceptions. Other objections are also intimated in the brief and in argument of counsel, but it nowhere appears that they were specifically raised at the trial.

The bill of exceptions does not merit commendation as "succinctly stating in a summary manner" the rulings excepted to and wherein the excepting party was aggrieved thereby according to the rules laid down in *McKown* v. *Powers*, supra, and many other cases since decided by this Court.

Exceptions to the admission of testimony will be sustained only when the specific grounds of the objections are stated in the trial court. As this court stated in *McKown* v. *Powers*, 86 Me., 291, 296: "Objections to offered evidence must be specific. The pre-

cise grounds on which they are made must be stated. The legal issue must be clearly presented." And in *Lee* v. *Oppenheimer*, 34 Me., 181, 187: "Every position respecting the admissibility of testimony should be distinctly stated to the presiding judge for decision before it can be made the subject of exceptions." Also see *Staples* v. *Wellington*, 58 Me., 453, 460. A general objection that testimony is "inadmissible or improper" is not specific.

In any event, whether the official stenographer's notes were identified by calling the stenographer to the stand is immaterial. If the evidence is admissible, the legislature has made the notes of the official stenographer of the court, duly certified, competent evidence to prove what the witness testified at the former hearing. In this instance they were relevant to the issue and were duly certified. He is an officer of the court. Nothing more is required, once the necessary predicate for their admission is shown.

Counsel does not stress the lack of evidence, prior to its introduction, of the former testimony being under oath and with full opportunity for cross-examination. If he relied on it, it could not avail him. While it is essential that these facts be proven to make the notes of the stenographer competent testimony no specific objection was raised at the trial to their admissibility on this ground. It cannot avail the accused now.

As the court said in *State* v. *Bowe*, 61 Me., 171, 174: "Had such a suggestion been made when the objection was interposed at the trial it could have been instantly obviated and the requisite proof would have been made before the record was introduced. The complaint is an idle one. The defendant suffered no wrong by the introduction of the record, which did in fact relate to him and to this case or by reason of the deficiency of merely formal proof of identity, which the defendant knew he could not successfully dispute and as to which he was, therefore, prudently silent.

In the instant case, the accused could not have been aggrieved on this ground by the introduction of this evidence, because it clearly appears from his former testimony that he was sworn and was cross-examined at length.

Where objection is made to testimony apparently relevant and competent upon ground capable of proof and which, so long as

it is undisputed, might be readily taken for granted, any objection on grounds well known to exist, but proof of which had been overlooked, must be specifically made or will be considered waived. *State* v. *Bowe,* supra.

> *Judgment for the state.*
> *Exceptions overruled.*