## SMITH v. UNITED STATES.
### No. 4502.

Circuit Court of Appeals, Fourth Circuit.

Oct. 2, 1939.

George C. Sutherland, of Grundy, Va.; and S. H. Sutherland, of Clintwood, Va., for appellant.

Howard C. Gilmer, Jr., Asst. U. S. Atty., of Pulaski, Va. (Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal from a judgment upon a verdict of guilty in a prosecution for removal and concealment of distilled spirits upon which the tax had not been paid, in violation of the provisions of the internal revenue laws. The facts were that defendant and his wife owned jointly a building in which they lived and a part of which they used for conducting a restaurant and grocery store. State officers made a search of this building and found eight pints of moonshine whiskey concealed in an old ice box in an unfinished bath room. Defendant had the key to this room, and he and his wife were present when the whiskey was discovered by the officers. While denying ownership of the whiskey, defendant stated to the officers who arrested him that he did not intend to fight the case.

The trial judge excluded evidence of declarations by defendant's wife to the witness Lillie Bledsoe to the effect that the whiskey belonged to her and not the defendant and also testimony to like effect given by the wife at the hearing of de-fendant before the United States Commissioner. There was testimony that the wife was ill and unable to be present at the time of the trial, but the evidence was that her illness was of temporary character and there was no motion to continue the cause so that she might be present and testify. There was no motion for directed verdict or other challenge to the sufficiency of the evidence offered by the government until after verdict, when motion was made for a new trial. The assignments of error are that the court erred in excluding the declarations of the wife to the witness Bledsoe and her testimony given upon the hearing before the Commissioner and that the verdict was without evidence to support it.

Little need be said as to the sufficiency of the evidence. It is too well settled in this court to justify discussion that a motion to set aside a verdict and grant a new trial is addressed to the sound discretion of the trial judge, and that the denial of such motion affords no basis for review on appeal. We have power, of course, to notice plain error which would result in a patent miscarriage of justice, even though the appellant may not properly have preserved in the lower court his right to review it; but no case is presented here for the exercise of such power. The whiskey was found concealed on the premises of defendant and his wife in a room to which defendant had a key. The circumstances were of a character calling for explanation by the defendant, and his explanation was not accepted by the jury to whom he made it. We manifestly could not say in such situation that their action was unsupported by the evidence.

The testimony of the witness Lillie Bledsoe to the effect that defendant's wife had told her that the whiskey found by the officers belonged to her was properly excluded as hearsay. Apart from the fact, as we shall hereafter more fully point out, that no sufficient showing was made that the wife was not available as a witness, the rule in the federal courts clearly excludes such extrajudicial declarations. Donnelly v. United States 228 U.S. 243, 272–277, 33 S.Ct. 449, 57 L.Ed. 820, Ann.Cas.1913E, 710. The rule has been somewhat relaxed in Virginia (cf. Hines v. Commonwealth 136 Va. 728, 117 S.E. 843, 35 A.L.R. 431); but the exception, even there, is confined within narrow limits and would not warrant the admis-

sion of this testimony. But, of course, it is the federal and not the state rule which we must follow in determining the admissibility of testimony in criminal cases. Funk v. United States 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369; Jones v. United States, 9 Cir., 162 F. 417, 419.

Different principles apply with respect to the admission of the testimony given before the Commissioner. This testimony was given under oath and the witness was subject to cross examination. It was not, therefore, an extrajudicial declaration but falls within the class of testimony given upon a former trial or hearing, which is admissible if it be sufficiently shown that the presence of the witness cannot be secured. Mattox v. United States 156 U.S. 237, 241, 242, 15 S.Ct. 337, 39 L.Ed. 409; United States v. Macomb, 5 McLean 286, Fed.Cas.No.15,702. In this case, however, no sufficient basis was laid for the introduction of the testimony. The wife was not dead nor beyond the reach of process. She was temporarily ill, but the testimony was that she would be able to testify later in the term. Instead of moving for a continuance so that he could have her present to testify, defendant elected to go to trial without her. Under such circumstances we think the evidence was properly excluded. See State v. Wheat, 111 La. 860, 35 So. 955.

Testimony of this character is admitted only because the witness cannot be produced; and it should not be admitted where the presence of the witness at the trial of the cause might be had by the exercise of due diligence. The reason for the exclusion of the testimony here is thus stated in the record: "The action of the court being based on the ground that Nettie Smith was alive and no sufficient reason was given why her testimony should not be given in person rather than by hearsay. That while it appeared from the testimony of Dr. Handy that Nettie Smith was, at the time of this trial, in such condition as not to be available as a witness, it likewise appeared that Dr. Handy considered this condition as temporary. That the said Nettie Smith had not been subpoenaed as a witness and no motion had been made for a continuance of the case because of her illness and until she could testify." The sufficiency of the showing of facts making the former testimony admissible is a matter addressed very largely to the discretion of the trial judge. State v. Budge, 127 Me. 234, 142 A. 857; State v. Emory, 116 Kan. 381, 226 P. 754; People v. Lewandowski, 143 Cal. 574, 77 P. 467. Certainly there is nothing here tending to show any abuse of discretion. On the contrary, we think that it was properly exercised.

There was no error and the judgment appealed from will be affirmed.

Affirmed.