Julius Helfand, J.
Defendant has been indicted for grand larceny in the first degree, criminally buying and receiving stolen property and criminally concealing and withholding stolen and wrongfully acquired property. This is a motion to dismiss the indictment on the ground that it is based in part on the introduction of illegal evidence before the Grand Jury.
At the preliminary examination in the Criminal Court, the complaining witness, Maura Singer, a resident of Ohio, testified to the theft of certain articles well over the value of $500 from her husband’s automobile parked on Willow Street in Brooklyn. This witness’ testimony was taken over the objection of defendant’s attorney who asked for a 48-hour adjournment of the preliminary examination. The request was denied, whereupon defendant refused to participate in the preliminary examination. At the commencement and conclusion of the witness Singer’s testimony, the People requested that it be ‘£ perpetuated for purposes of the Grand Jury and trial of *457 this action ” because she was a resident of Ohio. The court granted the application.
Thereafter the case was presented to the Grand Jury, and the evidence as to the ownership, value and theft of the property involved was by the stenographic record of the complaining witness’ testimony in the Criminal Court at the preliminary examination. This record was marked as an exhibit after the stenographer who made it testified as to its authenticity and after the police officer who made the arrest testified that the complaining witness was in Ohio and ‘ ‘ had no plans to return to this State in the near future. ’ ’
It is defendant’s contention that this exhibit was not competent, legal evidence of the facts sought to be established thereby, because, in taking the testimony of the complaining witness in the Criminal Court, sections 219 and 620 of the Code of Criminal Procedure were not complied with. These sections provide for an order for a conditional examination of a witness either by the People (§ 219) or by a defendant (§ 620) upon motion papers showing that ‘1 the witness is about to leave the state, or is so sick or infirm as to afford reasonable grounds for apprehending that he will be unable to attend the trial.”
Concedcdly there was no compliance here with the provisions of sections 219 and 620 of the Code of Criminal Procedure. However, defendant’s reliance on these sections is misplaced. He overlooks section 8 of the Code of Criminal Procedure which in part provides that:
“In a criminal action the defendant is entitled * * *
“3. To produce witnesses in his behalf, and to be confronted with the witnesses against him in the presence of the court, except that (a) luhere the charge has been preliminarily examined before a magistrate, and the testimony reduced by him to the form of a deposition in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had the opportunity to cross-examine, the witness, the deposition of the witness may be read in evidence by either party upon its being satisfactorily shown to the court * * * that the witness cannot with due diligence be found in the state ” (emphasis supplied).
Section 248 of the Code of Criminal Procedure in essence provides that the Grand Jury can receive only such evidence “ as is given by witnesses produced and sworn before them, or furnished by legal documentary evidence; or * * * The deposition of a witness, in the cases mentioned m the third subdivision of section eight.” (Emphasis supplied.)
*458 Thus it would appear that the deposition of the complaining witness was here validly taken in the Criminal Court under section 8 of -the Code of Criminal Procedure, and constituted legal evidence before the Grand Jury under this section and section 248 of the Code of Criminal Procedure. (Cf. People v. Albero, 119 Misc. 339.)
In sum, the Grand Jury minutes show that defendant’s indictment was based on competent legal evidence. Accordingly his motion is in all respects denied.