WILLIAM F. ROGERS, administrator of WILLIAM E. ROGERS, deceased, *vs.* NATHANIEL H. ROGERS.

*Issue from Chancellor—Trial by Jury—Depositons of Witnesses in Chancery; Read to Jury—Note Under Seal Imports a Valid Consideration—Mental Incapacity—Fraudulent Influence—Fraud Not Presumed—Conflict of Testimony.*

1. In a trial by a jury of an issue sent from the Chancellor, depositions of witnesses, examined and cross examined before the examiner in the Court of Chancery in the same case in which the issue had been framed—said deponents having since died—may be read to the jury.

2. An obligation, under seal, for the payment of money, imports or implies a valid consideration until the contrary appears from the

evidence; and a man of sound mind and lawful age may bind himself by such an obligation to pay money to another without any valuable consideration whatever.

3. If the jury are satisfied from the evidence that the obligor, by reason of old age, was mentally unsound and incapable of transacting business before the execution of the note, they may presume that such unsoundness and incapacity continued until, and existed at the time when the note was executed, unless the contrary is shown by the evidence.

4. If the obligor at the time that he executed the note was capable of exercising thought, reflection and judgment, knew what he was doing and had sufficient memory and understanding to comprehend the nature and character of the transaction, he was capable of making the note.

5. In determining whether the obligor was prevailed upon by deception and deceit to execute and deliver the note, fraud is not to be presumed but must be proved by the party alleging it. And it must be shown that the fraudulent influence alleged was such that the obligor was too weak to resist, such as deprived him of his free will, and such as substituted the will of another for his own. The degree of influence necessary to control the will of the obligor would depend upon his mental and physical condition at the time.

(<em>April</em> 10, 1907.)

JUDGES SPRUANCE and BOYCE sitting.

*Charles W. Cullen* for plaintiff.

*Charles S. Richards* and *Frank M. Jones* for defendant.

Superior Court, Sussex County, April Term, 1907.

ISSUE FROM CHANCELLOR (No. 7, October Term, 1906).

At the trial plaintiff's counsel asked to be allowed to read to the jury the depositions of two witnesses, examined and cross examined before the examiner in the Court of Chancery in the same case in which the issue had been framed,—said deponents having since died. Counsel for defendant objected, contending that the trial of the issue was a trial *de novo*, that counsel were entitled to re-examine and cross examine the witnesses, and that the jury should see and hear the witnesses in the case.

The Court having first suggested to defendant's counsel that he examine said depositions with a view of ascertaining whether

or not the testimony was relevant, and there being no objection on the latter ground, the objection was overruled and the depositions were read to the jury:

Spruance, J., charging the jury:

Gentlemen of the jury:—You have been empanelled to try two issues or questions of fact, which have been sent by the Chancellor to this Court for trial by a jury.

These issues are as follows:

"*First.* Whether William E. Rogers was of sound and disposing mind and memory, and competent to transact business at the time he executed and delivered to his son, Nathaniel H. Rogers, the judgment note or single bill, bearing date the 23rd day of July, A. D. 1896,for the real debt of $1590.00, payable on the first day of August, A. D. 1896.

"*Second.* Whether Nathaniel H. Rogers fraudulently prevailed upon his father, by deception and deceit, to execute and deliver to him his judgment note or single bill under seal for the sum of fifteen hundred and ninety dollars, bearing date the 23rd day of July, A. D. 1896, payable with interest on or before August 1, A. D. 1896."

The attesting witness to said judgment note has testified that it was executed in his presence by the said William E. Rogers on the day of its date, July 23, 1896; and the fact that the said William E. Rogers did at some time execute said note is not denied.

The complainant, William F. Rogers, the administrator of his father, the said William E. Rogers, contends (1) that at the time the said note was executed by the said William E. Rogers,he was not indebted to his son, Nathaniel H. Rogers, in any sum whatever—and that there was no consideration for said note; (2) that at the time the said note was executed by the said William E. Rogers, his mind was so weakened and impaired by old age, that he was not competent to transact business of this character; (3) that the said Nathaniel H. Rogers " fraudulently prevailed upon his father, by deception and deceit to execute and deliver to him" the said note.

The respondent, Nathaniel H. Rogers, contends that on and before the said 23rd day of July, 1896, there were unsettled accounts or claims between him and his father—that his father owed him for carpenter work on a house built in 1893, and also for board for several years prior to the said 23rd of July, 1896, and that he and his father on that day had a settlement, upon which it was ascertained that the balance due to him from his father was $1590.00, and that thereupon his father executed and delivered to him the said note for said balance.

The respondent further contends that at the time of the execution of said note, his father was of sound disposing mind and memory, and competent to transact business of that character; and he denies that he fraudulently prevailed upon his father, by deception and deceit to execute and deliver to him the said note.

An obligation, under seal, for the payment of money, imports or implies a valid consideration until the contrary appears from the evidence.

A man of sound mind and lawful age, has the right to dispose his property as he chooses; he may give it away, or he may bind himself, by an instrument under seal, to pay money to another, without any valuable consideration whatever.

Every person is presumed in law to be of sound mind until the contrary is shown, and the burden of showing unsoundness of mind rests upon the person asserting such unsoundness.

You are to determine from the evidence whether the said William E. Rogers was of sound and disposing mind and memory, and competent to transact business of the character in question, at the time he executed and delivered said note, and the evidence which you have heard as to his soundness or unsoundness of mind, and his capacity or incapacity to transact business before or after the time he executed said note, is material only in aiding you to determine his mental condition at the time he executed the said note.

If you are satisfied from the evidence that the said William E. Rogers, by reason of old age, was mentally unsound and incapable of transacting business before his execution of said note, you may presume that such unsoundness and incapacity contin-

ued until, and existed at the time when said note was executed, unless the contrary is shown by the evidence to your satisfaction.

If the said William E. Rogers at the time he executed the said note was capable of exercising thought, reflection and judgment, knew what he was doing and had sufficient memory and understanding to comprehend the nature and character of the transaction, he was capable of making the said note.

In determining the question whether the said Nathaniel H. Rogers fraudulently prevailed upon his father, by deception and deceit, to execute and deliver the said note, you should bear in mind that fraud is not to be presumed, but must be proved by the party alleging it. Such fraud, however, may be inferred from facts proved, if such facts are sufficient to warrant such inference.

To warrant you in finding that Nathaniel H. Rogers fraudulently prevailed upon his father to execute the said note, you should be satisfied from the evidence that such influence was fraudulent, and that it was such that the said William E. Rogers was too weak to resist; such as deprived him of his free will, and such as substituted the will of Nathaniel H. Rogers for the will of his father.

The degree of influence necessary to control the mind of William E. Rogers would depend upon his mental and physical condition at the time. A man mentally and physically weak would be more susceptible to such influence than one who is mentally and physically strong.

Where, as in this case, the testimony is conflicting, you should reconcile it if you can, but if you cannot do so, you should accept as true that part of it which you deem worthy of credit, and reject that part of it which you deem unworthy of credit, having due regard to the opportunity and capacity of the witnesses to know of that of which they speak, and their apparent fairness or bias.

Your verdict should be given as you find the preponderance or greater weight of the evidence.

> Verdict, as to the first issue, "No"; as to the second issue, "Yes".