MINOS H. VINCENT, by his next friend, Lizzie Robinson,

*vs.*

MINNIE B. WARRINGTON, MARIAN S. ADKINS, DORIS L. ADKINS AND CLARAMOND BELLE ADKINS.

*Sussex, Feb.* 28, 1922.

A grantor is *compos mentis* if he has sufficient intelligence and understanding to know what he was doing and to comprehend the nature and character of his act and the legal consequences likely to flow from it.

In suit to set aside a deed for alleged unsoundness of mind of grantor, evidence *held* to show that grantor possessed that degree of mental capacity necessary to execute the deed.

BILL TO SET ASIDE A DEED. The deed in question was executed by Minos H. Vincent September 18, 1913, to three persons as joint tenants. The defendants are the widow and only heirs at law of the last survivor of the joint grantees. The deed conveys to the grantees fee-simple title to forty-six acres and seventy-five square perches of land in Dagsboro Hundred, Sussex County,

for the named consideration of three hundred and twenty-five dollars. Vincent, the grantor, expressly reserved to himself, however, "the use, benefit and possession of said tract of land for and during his natural life." Since the date of the deed down to the time of filing the bill on June 20, 1920, and indeed to the present time, the grantor has been in possession of the premises, enjoying the use and benefit thereof.

Complainant is the daughter of Minos H. Vincent, and files the bill as his next friend. She charges that, at the time of the execution of the deed aforesaid, her father "was of unsound mind and did not have sufficient mental capacity to understand the nature of the transaction; * * * that the consideration of three hundred and twenty-five dollars mentioned therein was never paid to her father at the time said deed was executed nor since; and that the deed was obtained through fraud and misrepresentation by and on the part of one or more of the grantees mentioned in said deed." Complainant further alleges that she never knew of the deed until some time during the fall of 1919, when the deed was recorded. The bill also charges that the consideration was inadequate; that Minos H. Vincent at the time of the execution of the deed was "not of a sound and disposing mind such as enable him to make a legal disposal of his property"; and that he was easily influenced and brought under the control of others who might seek to obtain from him property, or property rights. The relief sought is, that the deed may be declared to be void and set aside.

The answers deny every allegation of the bill except the execution of the deed for the consideration therein mentioned, the devolution of the legal title upon the defendants, and the fact that Lizzie Robinson, the next friend, is the daughter of Minos H. Vincent.

The cause was heard on bill, answers and oral testimony of witnesses produced before the Chancellor.

*Charles W. Cullen,* for the complainant.

*Frank M. Jones* and *James M. Tunnel,* for the defendants.

THE CHANCELLOR. The case is to be determined on the sole issue of the mental competency of Minos H. Vincent to make the

deed. The allegations of fraud and misrepresentation, undue influence, inadequacy and nonpayment of consideration, are denied by the answer and were not attempted to be supported by evidence. They are, therefore, out of the case. In saying this, I am not unmindful of the contention of the solicitor for the complainant that the daughter of Vincent testified that one of the grantees was frequently at the house of Vincent in his company. Just how frequently and at what periods with respect to the date of the deed, does not appear. Vincent did not live with any of the grantees. He and they were of a different race. He lived at his own home in company with his daughter, the complainant. There is nothing in this testimony which justifies the view that fraud, misrepresentation or undue influence were practiced on Vincent.

I, therefore, narrow my consideration of the case to the sole question of Vincent's mental condition at the time of the execution of the deed. This question, under the facts before me, is not complicated with further questions of fraud, misrepresentation, inadequacy of consideration, undue influence or advantage due to a fiduciary relationship. The case is, therefore, different from *Green v. Maxwell*, 96 *N. E.* 227, cited by the complainant, where the elements of inadequacy of consideration and undue influence seem to have been present.

Our own courts have had occasion in the past to consider to what extent the mind must be *non compos* in order to render void a deed made by the person whose competency is in dispute. In *Doe ex dem. Short v. Prettyman, et al.*, 1 *Houst.* 334, 339, the court said that the plaintiffs may impeach the deed "if they can show to the satisfaction of the jury that the grantor had not sufficient intelligence and understanding to know what he was doing when he made it." In *Doe ex dem. Guest v. Beeson*, 2 *Houst.* 246, 263, it is said that unsoundness of mind will render the deed utterly inoperative and void, "but the unsoundness of mind, to work this result, must be such as to render him incapable, under the circumstances, of understanding and comprehending the nature and character of the act he was doing, and the legal consequences likely to flow from it." The Chancellor in *Jones v. Thompson*, 5 *Del. Ch.* 374, 390, said:

"In cases of alleged want of mental capacity, the test is whether the party had the ability to comprehend, in a reasonable manner, the nature of the affair in which he participated. This is the rule in the absence of fraud, for fraud when present introduces other principles."

Again, in *Rogers v. Rogers*, 6 *Pennewill*, 267, 271, 66 *Atl.* 374, the court uses this language:

"If the said William E. Rogers at the time he executed the said note was capable of exercising thought, reflection and judgment, knew what he was doing and had sufficient memory and understanding to comprehend the nature and character of the transaction, he was capable of making the said note."

After careful consideration of the evidence adduced before me in the light of the principles which have thus been laid down by our own courts, I find no difficulty in concluding that the deed in question is valid. The grantor was an old colored man. He was uneducated and peculiar. That he had eccentricities at the time of making the deed, is agreed by all witnesses. Such was not a new condition for him, however, for I gather from the evidence that he has for a long time been known as a man of rather odd character. I attach no special significance to the evidence which reveals him to have been a believer in ghosts and conjurations. This is not unusual in persons of his race and generation. Before the making of the deed in question, he was renting his land, seeing to it that his rent was collected, attended to the getting of his pension, and according to one witness was hard to deal with because of his stubbornness in insisting on what he wanted. The day he made the deed, he also made his will. In 1913 he invited bids for timber he wanted to sell. He came to one of the complainant's witnesses and advised him that he was the highest bidder, and the witness bought the timber.

Witnesses were produced of known standing and high character in the community who expressed their view that Vincent was not capable of attending to the sale of real estate. They gave their general impression of him, but did not go into any sort of detailed narration of facts showing a lack of capacity on the part of Vincent. Other witnesses of like high standing expressed views to the contrary. I find nothing in the evidence which leads me to think that Vincent did not comprehend in a reasonable manner the nature of the act which he was doing, and the legal consequences

thereof. A circumstance of great significance is that no witness appeared who undertook to say that Vincent had made a bad bargain in the sale of the land. I take it that if advantage had been taken of his alleged weak mental condition, the fact would have shown itself in the very terms of the bargain. Yet no one has questioned the fairness of the sale.

All the grantees in the deed are dead. Only one witness appeared who claims to know anything about the circumstances attending the sale of his land by Vincent. This witness is the widow of one of the grantees. She testifies that Vincent solicited her husband to purchase the land; that he came to their house over a period of two or three weeks seeking a purchaser; and that he stated that others wanted to buy it but he did not want to sell to them. He gave as his reason for selling that his son was in trouble and he wanted money to help him out. It seems to the court that Vincent displayed very good sense in the manner in which he secured money and at the same time assured to himself a life interest in the land.

Under the facts of the case, I am of opinion that Minos H. Vincent was possessed of that degree of mental capacity which validated his act in making the deed in question. The bill will, therefore, be dismissed, costs to be paid by the complainant.

Let a decree be entered accordingly.