### STATE *vs*. WALTON T. VIRDEN.

CRIMINAL LAW—FORMER TESTIMONY OF DECEASED WITNESS ADMISSIBLE IN SAME CAUSE BETWEEN SAME PARTIES.

Testimony of a deceased witness, given at a former hearing of the same case, is admissible in evidence for the defendant on the ground of necessity, the parties and the issue being precisely the same, where there was full opportunity for such cross examination on the former trial. Whether such evidence would be admissible for the state might present a different question.

(*June* 28, 1922.)

HARRINGTON and RICHARDS, J. J., sitting.

*Robert G. Houston*, Deputy Atty-Gen., for the State.

*Daniel J. Layton* and *James M. Tunnell* for accused.

Court of General Sessions for Sussex County, June Term, 1922.

Appeal from a justice of the peace, No. 15, February term, 1922, upon conviction for operating an automobile while intoxicated.

At the trial of the appeal at the February term, 1922, the jury was unable to agree, and the case was again called for trial at the June term, 1922. Counsel for the defendant proved the death of Harry Veasey and that he had testified for the defendant at the former trial. They then offered to prove his testimony at the former trial by the court stenographer, who had heard such testimony and taken shorthand notes of it. The Deputy Attorney General objected to the testimony on the ground of lack of opportunity to cross-examine Veasey.

HARRINGTON, J., delivering the opinion of the Court:

It is well settled that the testimony of a deceased witness in a criminal case, given at a former hearing of the same case is ad-

missible in evidence for the defendant on the ground of necessity, the parties and the issue being precisely the same. The objection of lack of opportunity to cross-examine the deceased witness is met by the fact that the state had full opportunity to cross-examine him when he testified at the former trial. *Stephen's Digest on Evidence*, 107; *Chamberlayne's Hand Book on Evidence*, 642; *Wharton's Criminal Evidence*, vol. 1, §§ 227, 228; *Underhill's Criminal Evidence*, § 261; 8 *R. C. L. (Criminal Law)* § 209; *Bishop's New Criminal Proc.* §§ 1195, and 1196.

In this state such evidence has already been held to be admissible in civil cases. *Kinney v. Hosea, 3 Harr.* 397. See also *Rogers v. Rogers, 6 Penn.* 267, 66 *Atl.* 374.

The evidence is therefore admitted; whether it would, however, be admissible if offered by the state, might present a different question.