INDUSTRIAL TRUST COMPANY *v.* JOHANNA FLAHERTY.

*(May* 27, 1935.)

RODNEY, J., sitting.

*E. Ennalls Berl* and *Paul Leahy* (of Ward and Gray) for plaintiff.

*Edward W. Cooch* for defendant.

Superior Court for New Castle County, Action of Assumpsit on a promissory note, No. 135, January Term, 1932.

The Court (RODNEY, J.) sustained the objection and rejected any evidence, tending to show that the defendant's endorsement had been procured by duress because it had not been shown that Mr. Miller was then acting as agent for the plaintiff company.

The defendant had previously filed a Bill in Equity to restrain the prosecution of this action against her, also alleging duress on the part of Mr. Miller, but the bill had been dismissed on the ground that duress could be set up as a defense in this action.

Mrs. Brand had testified as a witness for the complainant in the proceeding in the Court of Chancery, and had made certain statements which the defendant's attorney contended tended to show that the defendant's endorsement

on the note sued on had been procured by duress on the part of Mr. Miller. He produced evidence to show that Mrs. Brand had since died, and then offered in evidence a certified copy of the record of her testimony in that court, claiming that it had been given in an action between the same parties on the same subject matter, and was, therefore, admissible in this court. He cited *Rogers v. Rogers,* 6 *Penn.* 267, 66 *A.* 374.[1]

The attorneys for the plaintiff objected to the admission of the record offered, claiming that the death of Mrs. Brand alone did not make her evidence pertinent, and, therefore, admissible, and that there being no evidence that Mr. Miller was acting for the Industrial Trust Company, the defendant's offer was governed by the ruling of the Court above referred to.

The Court (RODNEY, J.) sustained the objection on the ground that the relevancy of the evidence offered had not been shown.

[1]See, also, *Gibson v. Gillespie,* 4 *W. W. Harr.* (34 *Del.*) 331, 152 *A.* 589.