THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JAMES HOGAN, PLAINTIFF IN ERROR.

Argued May 2, 1944—Decided October 6, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the plaintiff in error, *William P. Gannon* and *Andrew
O. Wittreich.*

For the defendant in error, *William George* and *Frank G.
Schlosser.*

The opinion of the court was delivered by

DONGES, J. This writ of error brings up for review the.
judgment of conviction of the plaintiff in error in the Hudson
County Court of Quarter Sessions upon an indictment charg-
ing robbery. The facts are outlined at some length in a
previous opinion of this court and need not be repeated here.
*State* v. *Hogan*, 13 *N. J. Mis. R.* 117; *affirmed*, 115 *N. J.
L.* 531.

The first point argued by the plaintiff in error is that there was prejudicial error in the alleged delegation of judicial powers by the trial court to the clerk of the court. On this point it is argued that the clerk conveyed a request of the jury to the trial judge and communicated his response to the jury. The state contends that there is no assignment of error or specification of cause for reversal sufficient to present this question. The only assignments of error or specifications of cause for reversal that might relate to this point are as follows:

"20. The trial court erred in delegating his powers to the clerk of the court in that he allowed the clerk to instruct the jury as to its duties.

"21. Because the defendant was deprived of his rights in that the charge having been given to the jury by a person other than the court itself and in his absence, he was unable to ask the court to request a specific charge."

In *State* v. *Bassone,* 109 *N. J. L.* 176, the Court of Errors and Appeals held, "But this argument has no proper assignment of error or cause for reversal to support it, in view of the rule that in criminal cases brought up by writ of error, whether on bills of exceptions or under sections 136 and 137 of the Criminal Procedure Act, or both, the assignments of error and causes for reversal should specifically point out the judicial action complained of." Citing *State* v. *Blaine,* 104 *Id.* 325, where, for the Court of Errors and Appeals, it was said, "When the entire proceedings at the trial are certified pursuant to sections 136 and 137 of the Criminal Procedure Act, the specifications of causes for reversal should be as full and definite as assignments of error; in the language of this court in *State* v. *Herron,* 77 *Id.* 523 (at *p.* 525), the object of section 137 is 'to apprise the court, and counsel for the state, of the cause for reversal with sufficient precision to make the point intelligible.'"

In *State Highway Commission* v. *Zyk,* 105 *N. J. L.* 156, the same ruling was made by the Court of Errors and Appeals. In *Donnelly* v. *State,* 26 *Id.* 463, this court said, "So in the assignment, the grounds of errors should be specified. The adverse counsel are entitled to know what the exception is,

and the courts are not required to search for errors not definitely pointed out." In *Kleinman* v. *Globe and Rutgers Fire Insurance Co.,* 111 *Id.* 374, it was said, quoting from *Booth* v. *Keegan,* 108 *Id.* 538, "The rule is thoroughly settled that grounds of appeal, whether in civil or criminal cases at law, should specifically point out the judicial action complained of."

In the instant case, there is no assignment of error or specification of cause for reversal pointing out what action of the trial judge was a delegation of power, or in what regard any one, other than the trial judge, charged the jury. The grounds to support the alleged error should specify the particular thing complained of. Many cases in the Court of Errors and Appeals and in this court clearly declare this rule. *State* v. *Fine,* 110 *N. J. L.* 67; *Mullica* v. *Claps,* 128 *Id.* 592, and cases cited.

We are constrained to hold, therefore, that the first point argued is without assignment of error or specification of cause for reversal to raise it.

The plaintiff in error argues that the verdict of the jury was contrary to and against the weight of the evidence. He was convicted of robbery. It is urged that the testimony of two accomplices is not to be credited and, inasmuch as they are the only persons able to testify as to the participation of Hogan in the robbery, their testimony is not to be deemed sufficient to support the conviction. It is settled that a jury may convict a prisoner upon the testimony of an accomplice alone. The jury will determine if such testimony is credible and worthy of belief. *State* v. *Hogan,* 13 *N. J. Mis. R.* 117, and cases cited. There was ample testimony, if believed, to warrant a conviction of plaintiff in error.

Point four has to do with rulings on the cross-examination of Wilson, an admitted accomplice respecting his pleas and sentence on indictments of him for this robbery. Neither in the assignments of error or specifications of grounds for reversal is the name of the witness, whose examination is the subject of this point, mentioned. It is well settled, as stated in *Booth* v. *Keegan, supra,* "The rule is thoroughly settled that grounds of appeal, whether in civil or criminal cases at

law, should specifically point out the judicial action complained of, and, in case of rulings on evidence, should state the name of the witness, the questions or answers objected to and ruled upon by the trial judge; * * *."

However, the plaintiff in error suffered no injury, if entitled to cross-examination as alleged, because the witness Ward, deputy county clerk, testified for plaintiff in error as to the matters asked Wilson, and it was all before the jury.

Point five is that the entire record of previous trial of plaintiff in error was improperly and illegally in the jury room upon this trial. It appears that plaintiff in error offered the testimony of Wilson at the first trial of Hogan and it was admitted in evidence. The trial judge limited the offer to the testimony of Wilson. Nowhere in the record or elsewhere, does it appear that the entire record was permitted to go to the jury. Plaintiff in error has not shown to the contrary.

Point six is that it was error to admit the testimony of one Dlugash, a witness at the former trial, who had died between the dates of trial. This practice has been approved by our courts for many years. *Berney* v. *Mitchell*, 34 *N. J. L.* 337; *New York, &c., Railway Co.* v. *Haring*, 47 *Id.* 137; *Cino* v. *Driscoll*, 130 *Id.* 535. There was no error in this ruling.

Point seven has to do with the refusal of the trial court to grant plaintiff in error an adjournment, asked for on the day fixed for trial. It appears that plaintiff in error gave notice of an application for the fixing of a date for trial. On September 24th, 1943, the court fixed October 18th, 1943, as the date for trial. On the latter date, counsel sought an adjournment, which was refused. No adequate ground was advanced for such continuance and it clearly was not an abuse of discretion to refuse it.

Point eight is that the state failed to show the physical presence of plaintiff in error at the robbery, as it is alleged, the prosecution in opening the case to the jury, asserted would be done. There was testimony to the effect that Hogan did take part in the robbery. There was no evident injury to plaintiff in error in the statement in opening that he had participated in the robbery. Wilson testified:

"*Q.* When the truck came up did you see Hogan? *A.* Yes, sir.

*Q.* What did he do? *A.* He pull out from Provost Street directly in front of the truck.

*Q.* Did he keep going? *A.* He kept going very slowly."

He also testified that this was the plan of Hogan for slowing up the truck, so that it could be entered.

Point nine deals with the introduction in evidence of the photograph of Gourley, an absent accomplice. It is not pointed out what harm was done to the plaintiff in error by the introduction of the photograph of one who, admittedly, took part in the robbery, and was identified, from the photograph, as such party. We observe no harm in this regard.

The next point raises the question of the marking for identification a photograph of John Brand, also referred to in the testimony as "Cheesecake Johnny." It has been said that "We have never understood that the mere marking of any paper or object for identification could be considered as erroneous." *State* v. *Block,* 119 *Id.* 277, 282; *affirmed,* 121 *Id.* 73. Nor is there pointed out any injury to plaintiff in error by such marking.

It is next urged that it was error to refuse the motion for a mistrial at the conclusion of the state's opening. This is based upon reference to Brand, and statement that he was not being tried with other indicted party, because of absence, as a fugitive from justice. This explanation was reasonable and it is not observed how plaintiff in error could be harmed by reference to Brand, if he could establish that he was not a party to the crime charged against him. Likewise, the statement that the police were efficient in promptly making the arrest of Wilson and Gourley, the two participants who are alleged to have actually boarded the truck. We conclude that the plaintiff in error was not injured by these references.

The judgment under review is affirmed, with costs.