THE STATE OF NEW JERSEY, DEFENDANT IN ERROR. v. JAMES HOGAN, PLAINTIFF IN ERROR.

Submitted February 16, 1945—Decided April 19, 1945.

For the plaintiff in error, *James A. Butler* and *Andrew O. Wittreich.*

For the defendant in error, *Walter D. VanRiper, John Grimshaw, Jr.,* and *William W. Wimmer.*

The opinion of the court was delivered by

BODINE, J. On February 21st, 1933, the defendant, with others, was indicted for robbery. He was convicted but the conviction was set aside by the Supreme Court. *State* v. *Hogan,* 13 *N. J. Mis. R.* 119; *affirmed,* 115 *N. J. L.* 531. So matters rest till the defendant moved that the trial of the case be set for a day certain or a *nolle pros* be entered. *R. S.* 2:190–2. The day was fixed and the trial proceeded, resulting in a conviction and an affirmance in the Supreme Court. 132 *N. J. L.* 148.

We think that there was trial error and that the conviction should be reversed.

During summation of counsel there was some suggestion that the jury could, in this particular case, recommend clemency. The trial judge told the jury that they could not do so and that their sole duty was to determine the guilt or innocence of the accused. The court directed that the verdict be taken by the clerk. *R. S.* 2:190–14.

Thereafter, the clerk telephoned to the trial judge. Apparently acting upon instructions received in this manner, he

told the jury that they could recommend clemency. The jury shortly thereafter returned a verdict of guilty with such recommendation.

The clerk has no power to charge the jury. *Folkner* v. *Hopkins,* 100 *N. J. L.* 190; *Sockolowski* v. *Olkowski,* 102 *Id.* 50. Two inconsistent instructions were given apparently— the second to induce a verdict because the record discloses that the jury had been out for several hours. The inference may be properly drawn that the officials were desirous of going home.

The Supreme Court did not view the specification of causes and assignments of error, which are printed in its opinion, as sufficient to raise this question. We think otherwise. The trial error pointed out was the delegation of the duty to the clerk to instruct the jury and, secondly, depriving the defendant's counsel of the right to request a specific charge upon the point, because the court was absent and could not function. We think the judicial error was specifically pointed out. The practice resorted to can find no justification in our jurisdiction. We do not hereby alter any of the rules as to assignments of error and specification of causes for reversal laid down in *State* v. *Herron,* 77 *N. J. L.* 523; *State* v. *Blaine,* 104 *Id.* 325, and *State* v. *Bassone,* 109 *Id.* 176, but we differ with the Supreme Court as to the meaning of those and think the trial error was specifically pointed out as required by law.

The other matters argued need not now be considered.

The conviction must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, FREUND, JJ. 12.