HARVEY GARDNER v. THE STATE OF DELAWARE.

*(May 8, 1946.)*

PEARSON, J., sitting.

*Henry J. Ridgely,* Deputy Attorney-General, for the State.

*Max Terry* for the accused.

Court of General Sessions for Kent County, February Term, 1946.

PEARSON, J.:

The question is whether the testimony of a witness given at a former trial in the same criminal proceeding is admissible on the ground of necessity when offered at a later trial, on behalf of the State. The witness was a resident of West Virginia. She came to Delaware and worked here temporarily. During that period, the earlier trial took place, and she testified on behalf of the State. She returned to West Virginia about November, 1945. In January or February 1946, she wrote the prosecuting witness that she would come back and attend the present trial. She did not do so. On February 21, 1946, three days after the beginning of the February Term of Court, the Attorney General procured the issuance of a subpoena for her attendance as a witness. The sheriff made several attempts to find her, without avail, and made a return that she had not been found.

In *State v. Virden*, 2 *W.W.Harr.* (32 *Del.*) 32, 118 *A.* 597, it was held "that the testimony of a deceased witness in a criminal case, given at a former hearing of the same case is admissible in evidence for the defendant on the ground of necessity, the parties and the issue being precisely the same." At the conclusion of the opinion, Judge (Now Chancellor) Harrington, added: "whether it would, however, be admissible if offered by the state, might present a different question." I take it that the ruling of the court was thus expres-

sly qualified in order to leave open the question whether the admission of such evidence would violate the following provision of the *Constitution of the State of Delaware*, Art. I, Sec. 7:

"In all criminal prosecutions, the accused hath a right * * * to meet the witnesses in their examination face to face * * *."

Here, the constitutional right to meet the now absent witness face to face was satisfied in so far as the earlier trial was concerned; for the witness testified at that trial, and defendant was present and had full opportunity to cross-examine her. It is well settled that, under such circumstances, relevant testimony of the absent witness who testified at the earlier trial, if otherwise admissible, may be received at the later trial without violating the constitutional right. *Mattox v. United States,* 156 *U. S.* 237, 15 *S. Ct.* 337, 39 *L. Ed.* 409; *Commonwealth v. Gallo,* 275 *Mass.* 320, 175 *N. E.* 718, 79 *A. L. R.* 1380; *State v. Gaetano,* 96 *Conn.* 306, 114 *A.* 82, 15 *A. L. R.* 458; 5 *Wigmore on Evidence* (3rd Ed.) *Secs.* 1395, 1397, 1398; *Annotations*: 15 *A. L. R.* 495, 79 *A. L. R.* 1392, 122 *A. L. R.* 425, 159 *A. L. R.* 1240.

Defendant insists that the State has not demonstrated a "necessity" for the admission of the evidence offered. In *State v. Virden, supra,* the witness who had testified at the first trial died before the second. However, as I understand the reasoning of the opinion, it is that a necessity for the admission of the former testimony must be shown, and that there, the death of the witness supplied the factual basis of necessity. The absent witness in this case is a nonresident, could not be found in this State to be summoned to testify, and there appears no reason to believe that she could be found within the jurisdiction of the court at any reasonably early date in the future. These facts suf-

ficiently show the necessity which is a condition of the admissibility of such testimony. *Gibson v. Gillespie*, 4 *W. W. Harr.* (34 *Del.*) 331, 152 *A.* 589; *Commonwealth v. Gallo, supra; State v. Gaetano, supra; Annotations, supra;* 5 *Wigmore on Evidence, Secs.* 1402, 1404.

The objection was overruled and the court reporter, after being qualified, read relevant portions of a transcription of his stenographic notes of the testimony of the absent witness, taken at the former trial.