154 N.J. Super. 472 (1977)
381 A.2d 838
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JAMES EWINGS, JR. AND MICHELE HANNAH, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided December 1, 1977.
*473 Mr. David Glazer, Assistant Prosecutor, for the State (Mr. Leonard D. Ronco, Acting Essex County Prosecutor, attorney).
Mr. Barry D. Berman for defendant James Ewings, Jr.
JOSEPH F. WALSH, J.C.C., Temporarily Assigned.
A motion is made in a criminal proceeding to have read into the record the testimony of an unavailable witness, under the provisions of Evid. R. 63 (3)(b), which reads in part insofar as it is pertinent:
Subject to Rule 64 and to the same limitations and objections as though the declarant were testifying in person, and where the declarant is unavailable as a witness, testimony is admissible, if * * * (b) in a criminal proceeding, the testimony was given by the declarant personally as a witness in a former trial of a criminal proceeding in which the issue was such that the present defendant had *474 the right and opportunity for cross-examination with an interest and motive similar to that which he has in the present proceeding.
The indictment charges defendant Ewings with pointing a gun at the now absent witness, after which he returned to his car. The car circled the area for awhile, during which time the now absent witness called the police, causing the car to be stopped and searched. The gun was found on the only other passenger in the car, a lady friend of defendant, The woman was also indicted and she has since pleaded guilty.
The State's theory of the case on the opening to the jury is that defendant used the gun, returned to the car, and when he realized he was being stopped by the police, transferred the gun to the woman passenger.
It would appear that the testimony sought to be introduced was taken at a probable cause hearing before a municipal magistrate in the City of Newark, at which time defendant was present and represented by counsel who participated fully and completely in the cross-examination of the now unavailable witness.
Section (b) of Evid. R. 63, as it is presently enacted, was reported first as Evid. R. 63 (3)(c) in substantially the same manner as it was finally reported.
The Report of the N.J. Supreme Court Committee on Evidence, addressed to that particular section, admonished the users of the rule that the drafters of the Uniform rule indicated they had not addressed themselves to constitutionality, and that Evid. R. 63 as proposed had been drafted with the problem of constitutionality in view.
The committee posed the question of the right of confrontation guaranteed by the Sixth Amendment and answered that certain aspects of the Sixth Amendment did apply. In their report the Committee pointed out that constitutionality had never been decided by our Supreme Court, but that since N.J. Const. (1947), Art. I, par. 10, is identical to the Sixth Amendment of the Federal Constitution, *475 it seemed appropriate to consider federal law on the issue as well as New Jersey law as presently exists, and to discuss federal law as though it were applicable to the New Jersey constitution. They reasoned that it was well accepted that the Sixth Amendment incorporated pre-existing hearsay exceptions and that the use of dying declarations, business entries, official written statements and the like did not run afoul of the Sixth Amendment, citing McCormick, Evidence, § 231 at 486-87. McCormick states:
The production of the prosecution's witnesses at the final trial is important to the accused in three ways. First, in the light of the common law tradition, it affords an opportunity for cross-examination. Second, it enables the accused to look the prisoner in the eye, which was once supposed to, and perhaps does, make a false accusation more difficult. Third, the judge or jury will see the demeanor of the witness on the stand and thus be enabled better to weigh his credibility. When testimony has been taken at a former hearing, with an opportunity for the accused to cross-examine, it furnishes the first two incidents as completely as testimony at the trial. So the question comes down to whether the third is indispensable. The cases today all accept the conclusion that it is not. [at 484]
Our former Supreme Court, in State v. Hogan, 132 N.J.L. 148 (1944) rev'd on other grounds in 133 N.J.L. 59 (E. & A.), stated that in the prosecution of a defendant it was proper to admit into evidence the prior testimony of a declarant, then dead, who had testified in a previous prosecution of the defendant for the same crime. In that decision the court cited three civil cases as reflecting the "approved practice" of admitting prior testimony and made no reference to the New Jersey constitutional provision requiring confrontation.
The reporters cited the fact that the Hogan case reflected the federal case law as well as other state law on the subject.
In Mattox v. U.S., 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895), the United States Supreme Court held that the reporter's record of the prior testimony of a witness in a prior prosecution against defendant for the same crime, was properly *476 admissible in a present prosecution of the same defendant, where it was shown that the declarant was dead. The general principle was by then well established.
The only questions remaining are whether or not the definition of unavailability provided for in Evid. R. 62 constitutionally justifies the use of the prior testimony, and what are the limitations of the words "former trial" as used in the rule.
This court finds as a matter of fact that the unavailability of the witness as defined in Evid. R. 62 is completely satisfied under the proofs offered at a hearing for that purpose; that the proponent of the statement is unable despite due diligence to procure the attendance of the witness and the absence was not brought about by any wrongdoing or neglect of the State which is offering the document.
Although there are no precise precedents in this State, there are adequate precedents in Connecticut, Maine and Delaware. In State v. Gaetano, 96 Conn. 306, 114 A. 82 (Conn. Sup. Ct. Err., 1921), it was held that testimony given at a preliminary examination by a witness who could not be produced at trial, is permissible against an accused if he had an opportunity to confront the witness and subject him to cross-examination in the proceeding in which the testimony was taken, provided he was present as the party charged with the offense which was being investigated and the offense there charged and the one being tried are substantially the same. This was followed in Gardner v. State, 4 Terry 358, 43 Del. 358, 47 A.2d 310 (Del. Gen'l. Sess. 1946), and State v. Budge, 127 Me. 234, 142 A. 857 (Me. Sup. Jud. Ct. 1928).
A review of federal cases would indicate that the question was presented to the United States Supreme Court in Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). There the use of testimony taken at a preliminary hearing without giving the accused his right of confrontation and cross-examination was condemned. However, the court went on to say:
*477 The case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine. [85 S.Ct. at 1069-1070]
Justice Stewart in a concurring opinion stated:
Therefore, as the Court correctly points out, we need not consider the case which could be presented if Phillips' statement had been taken at a hearing at which the petitioner's counsel was given a full opportunity to cross-examine. See West v. State of Louisiana, 194 U.S. 258, 24 S.Ct. 650, 48 L.Ed. 965. [at 1071]
The West case above cited by Justice Stewart is precisely in point. In that case it was held that the reading in accordance with the law of the state on a criminal trial in a state court, of a deposition taken before the committing magistrate, in the presence of the accused, of a witness who had been cross-examined by the counsel for accused and who was permanently absent from the State, does not deprive the accused of his liberty without due process of law, and is not violative of any provision in the Federal Constitution or any of the amendments thereto.
Although not precisely in point, the question again was more recently raised by the United States Supreme Court in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). There the court went on to say:
This Court long ago held that admitting the prior testimony of an unavailable witness does not violate the Confrontation Clause. Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). That case involved testimony given at the defendant's first trial by a witness who had died by the time of the second trial, but we do not find the instant preliminary hearing significantly different from an actual trial to warrant distinguishing the two cases for purposes of the Confrontation Clause. Indeed, we indicated as much in Pointer v. Texas, 380 U.S. 400, 407, 85 S.Ct. 1065, 1069 [13 L.Ed.2d 923] (1965), where we noted that "[t]he case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." And in Barber v. Page *478 390 U.S. 719, 725-726, 88 S.Ct. 1318, 1322 [20 L.Ed.2d 255] (1968), although noting that the preliminary hearing is ordinarily a less searching exploration into the merits of a case than a trial, we recognized that `there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demand of the confrontation clause where the witness is shown to be actually unavailable * * *." In the present case respondent's counsel does not appear to have been significantly limited in any way in the scope or nature of his cross-examination of the witness Porter at the preliminary hearing. If Porter had died or was otherwise unavailable, the Confrontation Clause would not have been violated by admitting his testimony given at the preliminary hearing  the right of cross-examination then afforded provides substantial compliance with the purposes behind the confrontation requirement, as long as the declarant's inability to give live testimony is in no way the fault of the State." [90 S.Ct. at 1939; emphasis supplied]
There was a vigorous dissent by Justice Brennan in that case directed to the area of whether or not a preliminary hearing satisfies the right of confrontation. The majority opinion had already considered that point, supra.
Prior thereto, in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), the court had refused to establish what it later approved in Green, but for a different reason; the reason there being that the Government had not attempted to produce the witness.
It is the holding of this court that the State can consistent with constitutional requirements utilize the transcript in lieu of the witness himself because the two conditions established in Barber v. Page, and California v. Green, supra, have been met, namely, (1) the proofs of the case indicate that the witness is actually unavailable to testify, and (2) the absent witness had been adequately confronted and cross-examined at the prior hearing.
The court further finds that the preliminary hearing was sufficiently broad to meet the test established by California v. Green, supra.
For these reasons the testimony of the unavailable witness given at the prior hearing will be admitted into evidence and read to the jury.