169 N.J. Super. 177 (1978)
404 A.2d 370
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JACK MOODY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 18, 1978.
Mr. Joseph Scaturo, Assistant Prosecutor, for the State (Mr. Donald Coburn, Essex County Prosecutor, attorney).
*178 Mr. Roger A. Solomon, Assistant Deputy Public Defender, for defendant (Mr. Stanley C. VanNess, Public Defender, attorney).
MARTINO, J.C.C. (temporarily assigned).
The question before the court concerns the construction of Evid. R. 63(3) (b), adopted by the Supreme Court in 1967. That rule provides in relevant part that
* * * where the declarant is unavailable as a witness, testimony is admissible if ... (b) in a criminal proceeding, the testimony was given by the declarant personally as a witness in a former trial of a criminal proceeding in which the issue was such that the present defendant had the right and opportunity for cross-examination with an interest and motive similar to that which he has in the present proceeding.
To date, this rule has been construed in only one reported decision in this State, State v. Ewings, 154 N.J. Super. 472 (Law Div. 1977). That case, which involved facts similar to those before this court, held that a transcript from a preliminary hearing could be used at a criminal trial. That decision, while persuasive authority for this court, is not binding and for the reasons which are set forth below, this court disagrees with the construction of the rule in that decision.
The United States Supreme Court, in an evolving line of decisions, has decided that the Confrontation Clause of the Sixth Amendment permits the use of testimony from a preliminary hearing where (1) the declarant is unavailable for trial, and (2) defendant had the opportunity and right for cross-examination at the preliminary hearing with (3) an interest and motive similar to that at the trial. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).
Those decisions make clear that the states are free to adopt rules of evidence which permit the use of prior testimony of a declarant at a preliminary hearing for the subsequent *179 criminal proceeding so long as the indices of the Confrontation Clause are met. However, both the United States Supreme Court and the New Jersey Supreme Court have also made clear that the states are free to afford even greater protection to a defendant in a criminal proceeding than that required by the Federal Constitution. Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); California v. Green, 399 U.S. 149, 154-157, 171-173, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); State v. Deatore, 70 N.J. 100, 112-114 (1976); State v. Kleinwaks, 68 N.J. 328, 334 (1975). It appears that this is precisely what New Jersey has done.
Evid. R. 63(3) is based upon the recommendations of the Committee headed by Justice Jacobs which was charged by our Supreme Court, in 1960, with final revisions of the proposed rules for promulgation by the Supreme Court. The rule recommended by the Committee provided in part:
* * * (c) if the judge finds that the declarant is unavailable as a witness in a criminal proceeding, testimony given by the declarant as a witness in a former trial of a civil or criminal proceeding in which the issue was such that the present defendant had the right and opportunity for cross-examination with an interest and motive similar to that which he has in the present proceeding. [Report of the New Jersey Supreme Court Committee on Evidence, 138-139 (1963); emphasis supplied]
The Committee specifically noted, however, at 142, that the proposed rule was intended to provide only for the admissibility of evidence given at a prior trial, and was intended to exclude testimony given at preliminary hearings for the reason that cross-examination in such proceedings is either nonexistent or inadequate. Further, the rule as finally adopted by our Supreme Court eliminates the use of prior testimony given in a civil proceeding and permits only the use of testimony given "in a former trial of a criminal proceeding," and thus is more restrictive than that proposed by the Jacobs Committee.
*180 The fact that the present rule uses the Committee's phrases, criminal proceeding and former trial of a criminal proceeding, indicates to this court that in adopting the rule our Supreme Court agreed with the Committee's intentions not to apply the rule to permit the use of testimony given by a declarant at a preliminary hearing. A fair construction of our rule would be that the transcript of a former trial of a criminal proceeding might be usable at a subsequent preliminary hearing, but that a transcript from a preliminary hearing could not be used in a subsequent trial.
If the Supreme Court had intended the construction urged by the State in this case, they would not have used the phrase "former trial." It then would have been clear that testimony in a preliminary hearing transcript could be used at a subsequent criminal trial.
The analogous Federal Rule of Evidence does permit such a use but is worded differently from our New Jersey Rule as the Federal Advisory Committee itself notes. Fed. Rules Evid., 28 U.S.C.A. 696. It provides that
The following are not excluded by the hearsay rule if the declarant is unavailable as a witness * * * (1) former testimony. Testimony given as a witness at another hearing of the same or a different proceeding * * * if the party against whom the testimony is now offered * * * had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination. [Fed. Rules Evid. 804(b) (1); emphasis supplied].
The federal rule is broader than New Jersey's in permitting the use of prior testimony, the difference in language further emphasizing the difference in meaning and intent.
In construing statutes the court must seek the intent of the framers and, to that end, must consider any history which may be of aid. State v. Madden, 61 N.J. 377, 389 (1972). In this case both the history and the plain language of Evid. R. 63(3)(b) itself preclude the use of testimony given at a preliminary hearing in a subsequent criminal *181 proceeding. Service Armament Co. v. Hyland, 70 N.J. 550, 556 (1976). This court must leave to our Supreme Court any decision to change that intention in light of subsequent decisions on the federal level. Accordingly, defendant's objection to the proposed testimony will be sustained.