395 A.2d 367 (1978)
Richard Lee WARD, Defendant, Appellant,
v.
STATE of Delaware, Plaintiff, Appellee.
Supreme Court of Delaware.
Submitted September 15, 1978.
Decided November 6, 1978.
*368 J. Dallas Winslow, Jr., Chief Deputy Public Defender, and Richard E. Fairbanks, Jr., Asst. Public Defender, Wilmington, for defendant-appellant.
Gary C. Linarducci, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.
Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.
DUFFY, Justice:
Defendant appeals from a conviction in the Superior Court for Attempted Assault in the First Degree, 11 Del.C. § 613. We reverse.

I.
This appeal follows a second trial of defendant based upon the same events which led to the first conviction. The pertinent facts appear in a prior opinion by this Court, to which reference is made. 366 A. 2d 1194 (1976). For present purposes, it is sufficient to say that we reversed the earlier judgment for two reasons: (1) the Court failed to instruct the jury on the law of accident as it applied to the circumstances under which defendant shot his colleague in crime, and (2) the Court erroneously terminated the cross-examination of that colleague who was a principal witness for the State.
The present appeal is based on two contentions: first, defendant argues that he was denied his constitutional right to confront the witness against him by use of the transcript from the first trial; and, second, the transcript was read to the jury without a showing as to its accuracy. We consider these contentions in turn.

II.
The State tacitly concedes that the only significant evidence presented to support the conviction was the testimony of defendant's confederate, Anthony Jenkins, who was also the victim of the attempted assault. But Jenkins did not testify in person at the second trial. Instead, over objection, the State used a transcript of Jenkins' testimony at the first trial to establish guilt in the second.[*]
The Sixth Amendment to the Federal Constitution guarantees that an accused has a right "to be confronted with the witnesses against him." The Delaware Constitution, at Art. I, § 7, is like unto this: it provides that in "all criminal prosecutions, the accused hath a right" to "meet the witnesses [against him] in their examination *369 face to face." The right of confrontation is fundamental, of course. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965). However, the admission in evidence of the recorded testimony of a prior trial does not violate the right of confrontation in all circumstances. See Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 2313, 33 L.Ed.2d 293 (1972). Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). Gardner v. State, Del. Gen.Sess., 47 A.2d 310 (1946). But use of a transcript made "at a time and under circumstances" which did not afford defendant an "adequate opportunity to cross-examine" the witness is a denial of the Sixth Amendment right to confrontation. Pointer v. Texas, supra, 85 S.Ct. at 1070. We construe the Delaware Constitution, Article I, § 7, to mandate the same requirement.
Turning now to this case, we ruled in the first appeal that Jenkins' credibility was in issue and that defendant was entitled to cross examine him on whether his testimony against Ward was part of a bargain with the State. We reversed specifically, because defendant had been denied that right at trial. We said:
"Exploration of that issue was an appropriate subject for cross examination [of Jenkins] and it was erroneously terminated and qualified by the Trial Judge's instruction to the jury." 366 A.2d at 1196.
Jenkins did not personally testify at the second trial and use of the transcript of his testimony perpetuated the error made at the first trial. It is no less reversible now than it was then.
Since defendant was not given his constitutional right to cross examine the State's key witness, the judgment must be reversed.[**] The State's argument based on waiver and absence of prejudice is without merit.

III.
Defendant has also argued that the Trial Court erred in permitting the Jenkins transcript to be read to the jury without first establishing its accuracy.
While it is unnecessary to reach this issue for decision purposes, we emphasize that the record should show the authenticity of a transcript or deposition. Often such showing is a formality but it is an essential one. Counsel may stipulate as to authenticity but, in the absence of agreement, the party offering the transcript or deposition must establish reliability by testimony of the court reporter or in another permissible way. Cf. State v. Rash, Del. Gen.Sess., 78 A. 405 (1910).
Reversed and remanded.
NOTES
[*] After a hearing, the Trial Judge found that Jenkins was unavailable to testify and, for that reason, permitted the State to introduce the transcript at trial. Compare Superior Court Criminal Rule 15(e) which states the procedure for using a deposition at trial. For present purposes, we assume without deciding that the ruling was correct.
[**] The State's reliance on Gardner v. State, supra, is misplaced because the Court there found that "defendant was present and had full opportunity to cross examine" the witness at the prior trial. 47 A.2d at 311.