**Ray M. WINTJEN, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 20, 1978.

Decided Jan. 30, 1979.

John W. Noble, of Parkowski & Noble, Dover, for defendant-appellant.

M. Jane Brady, Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY, McNEILLY and QUILLEN, JJ., constituting the Court en Banc.

DUFFY, Justice:

Ray M. Wintjen (defendant) was convicted by a Superior Court jury of six violations of the Criminal Code: one count each of third-degree burglary, third-degree criminal solicitation, third-degree conspiracy, second-degree conspiracy, and two counts of misdemeanor theft. The Trial Judge imposed sentences amounting to a total of eight years imprisonment, from which defendant appeals. We reverse.

All of Wintjen's convictions were based on a single set of facts: It was alleged that, after requesting the aid of other persons (some of whom were juveniles) and conspiring with those persons, defendant burglarized a farmhouse in Kent County and removed property from the house and other farm buildings.

In support of his appeal, defendant submits three arguments which we consider in turn.

I

The State's case rested largely on the testimony of Wintjen's alleged accomplices. Defendant's first contention is that the State produced insufficient evidence to convict him of the offenses charged. He admits that the testimony of the accomplices implicates him in the crimes, but contends that the State must produce some evidence corroborating their testimony.

The law in Delaware is settled on this point and it is contrary to what Wintjen argues. Briefly stated, corroboration of accomplice testimony is not required, absent extraordinary circumstances. *Bland v. State,* Del.Supr., 263 A.2d 286 (1970); *Jacobs v. State,* Del.Supr., 358 A.2d 725 (1976). In this case, there is no "irreconcilable conflict" in the testimony of defendant's alleged accomplices which might otherwise warrant removal of the case from consideration by the jury. *Bland,* supra, 263 A.2d at 288.[1] Rather, the testimony of the accomplices is substantially consistent. Its credibility was a matter for the jury to weigh. Wintjen's first argument is without merit.

II

Defendant's second contention involves the Trial Judge's instruction to the jury. Defendant says that the instruction on reasonable doubt misled the jury because it erroneously equated "reasonable doubt" with "substantial doubt."[2]

The instruction given conforms to the pattern approved long ago by this Court and used by the Trial Courts of this State almost universally. See *Lane v. State,* Del. Supr., 222 A.2d 263, 267 (1966). Accordingly, for the purpose of deciding this case, there was no error in the Trial Judge's instruction on reasonable doubt.

III

Wintjen's most significant argument, which is determinative of the appeal, is that

1. This is not to suggest that any "irreconcilable conflict in the State's case concerning a defendant's guilt" automatically results in the removal of the case from the jury. The *Bland* case at 263 A.2d 288 only speaks of a trial judge's "power" and what may be the "duty" of a trial judge "[o]n occasion." Compare Superior Court Criminal Rule 29; *State v. Biter,* Del.Super., 119 A.2d 894 (1955); *Tice v. State,* Del. Supr., 382 A.2d 231 (1977); 8A *Moore's Federal Practice* ¶ 29.06; *Bailey v. State,* Del.Supr., 231 A.2d 469 (1967).

2. The Court's instruction on reasonable doubt was as follows:
   "Reasonable doubt means a doubt based on the reason and common sense which arises from a fair and rational consideration of all the evidence or lack of evidence in the case.
   Proof beyond a reasonable doubt does not mean that the guilt of the accused must be established to an absolute certainty. Such requirement would be impractical and unreasonable.
   Reasonable doubt does not mean a vague, speculative doubt nor a mere possible doubt but it means a substantial doubt. It is such a doubt as average intelligent, reasonable and impartial people may honestly entertain after a careful and conscientious consideration of the evidence in the case."

cross-examination of the State's key witness was improperly terminated.

William Clark, a sixteen-year-old boy and one of defendant's alleged accomplices, gave a written statement to the police when he was arrested. That statement became the basis for Clark's testimony at trial because the prosecutor had instructed him to repeat at trial what he had already told the police. Defense counsel, therefore, sought to question Clark regarding his state of mind at the time the statement was made. The cross-examination on this point was as follows:

"BY MR. NOBLE [Defense Counsel]:

Q. I gather that at the time of your arrest you discussed these charges with the police officer?

A. Yes.

Q. Did the police officer suggest that you would be better off if you implicated Ray Wintjen?

MS. BRADY [the Prosecutor]: Objection, Your Honor.

I don't know what the basis is for that statement but the implication is that the witness has been requested to assist the State by the officer and I don't know what he is suggesting that he has got in return.

THE COURT: The objection is sustained. Proceed."

Defense counsel did not pursue the matter further.

■ It was error for the Trial Judge to terminate this line of questioning. The possible bias of a witness is always a relevant inquiry, and a cross-examiner need not lay a foundation to explore it. More important, cross-examination on bias is an essential element of the constitutional right of confrontation. See *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Ward v. State,* Del.Supr., 366 A.2d 1194, 1196 (1976); *Ward v. State,* Del.Supr., 395 A.2d 367 (1978).

■ In some cases, an improperly terminated cross-examination may be harmless error. However, in this case, we hold that the error deprived defendant of his constitutional right to a fair trial. And, for that reason, it was reversible error.

\* \* \*

Clark's testimony was central to the State's case against defendant—his testimony incriminated Wintjen on all counts. That is to say, Clark's testimony touched on all six of the charges, and that is not true of any other State witness. Moreover, Clark gave the only testimony which implicated defendant in the solicitation charge,[3] in the third-degree conspiracy charge, and in one of the two theft charges. Under these circumstances, any evidence that tended to discredit Clark might have significantly affected the outcome of the trial. Evidence of favorable treatment of Clark by the police or prosecutor would have tended to reflect on Clark's credibility, particularly because his testimony was largely unspontaneous, and appears to have been based on a mechanical repetition of his prior written statement.

A careful review of the transcript shows that the jury heard little or no evidence about possible favorable treatment by the State. Clark testified under a limited grant of immunity, but no mention of that fact was made before the jury. Although Clark testified that he had pled guilty to two charges in the Family Court and had received a sentence of probation, the jury had no way of knowing whether that treatment represented a favorable disposition or not. Finally, evidence was not produced about Clark's treatment by the police at the time of his arrest, which was the subject of the improperly terminated cross-examination. For these reasons, we cannot say that the error was harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Finally, we note that the Trial Judge sustained the State's objection and

---

**3.** The indictment on the solicitation charge alleges that Wintjen requested one Dennis Vincent to steal an antenna from a trailer. At first, Vincent implicated defendant but, later, he testified that he had no recollection that Wintjen asked him to steal the antenna.

ordered defense counsel to proceed without giving him a chance to explore the precise nature of the objection nor the scope of the ruling. The State contends that defendant waived his right to the cross-examination by failing to pursue the State's objection with an offer of proof that Clark had, in fact, been offered special treatment. We disagree. The Trial Judge's ruling foreclosed further discussion, and defendant did not risk waiver of a constitutional right by complying with the clear directive from the Court.

\* \* \* \* \* \*

Reversed.